UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL,<br><br>      Plaintiff,<br><br>vs.<br><br>BASIC RESEARCH, LLC,<br><br>      Defendant. | Case No. 1:06-cv-01171-PLF<br>Judge: Paul L. Friedman |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE

Defendant Basic Research, LLC ("Basic Research") respectfully submits this memorandum in support of its motion to dismiss with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

### INTRODUCTION

This action attempts to wrongfully assert a penalty for Basic Research's cancellation of what it thought was a cancelable reservation of a block of rooms with the Willard Hotel. The written instrument upon which the Willard Hotel bases its entire complaint is not a contract. It is a unilaterally drafted bad-faith smoke-screen, an illusion that obligates the Willard Hotel to do absolutely nothing. Further, after receiving timely advance notice of Basic Research's cancellation pursuant to the "agreement," The Willard Hotel attempts to impose a preposterous charge of almost $300,000. What is

---

[1] Simultaneously with this motion, Defendant is filing a "Motion To Dismiss Or, In The Alternative, To Stay Proceedings Pursuant To The *Colorado River* Doctrine."

even more egregious, the Willard Hotel filed this baseless and harassing action after having been provided a courtesy copy of the first filed declaratory judgment action adjudicating over this dispute. Such misconduct is gamesmanship at its worst.

## SUMMARY OF THE ARGUMENT

The Willard Hotel's Complaint should be dismissed for two reasons:

*First*, the instrument upon which the Willard Hotel bases the instant complaint and which it wrote – the Group Reservation Agreement – is not a contract; it is an unenforceable illusory promise. The Group Reservation Agreement provides that Basic Research is to pay a fee if it cancels its so-called reservation, but if the Willard Hotel finds someone willing to pay more for the same rooms Basic Research had reserved, then the Willard Hotel can give those rooms to the other party without providing rooms to Basic Research. In other words, the Willard Hotel offered nothing in return for Basic Research's promises. As such, The Group Reservation Agreement is an illusory agreement, *ab initio,* and is unenforceable as a matter of law.

*Second,* to the extent a contract existed, Basic Research did not breach the contract, because the specific terms of the "agreement" explicitly permitted Basic Research to cancel its reservation without charge, if the cancellation is done timely – which in this instance, it was.

> "**Individual reservations must be canceled by 6:00pm [sic] the day prior to arrival to avoid a no-show charge.**"

(the "Group Reservation Agreement," attached as Ex. A to Cmpl., at p. 4) (emphasis added). Basic Research cancelled its reservation in accordance with this provision in this illusory contract that the Willard Hotel wrote.

## ARGUMENT[2]

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of the complaint." *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 472 (D.C. Cir. 1991). The Court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In fact, the Court should not "accept legal conclusions cast in the form of factual allegations." *See Kowal*, 16 F.3d at 1276. Finally, if the basis upon which the motion to dismiss is granted would preclude plaintiff from being able to cure the pleading, dismissal should be granted with prejudice. *See Andrx Pharm., Inc. v. Biovail Corp. Int'l.*, 256 F. 3d 799, 807 (D.C. Cir. 2001). *See Also Affordable Elegance Travel, Inc., v. Worldspan, L.P.*, 774 A.2d 320, 328 (D.C. App. 2001) ("[I]t is settled law that any ambiguity in a contract will be construed against the drafter." ).

I.   **The Group Reservation Agreement Does Not Create a Mutually Binding Obligation, Is Illusory, And Therefore Is Unenforceable.**

A breach of contract claim only survives dismissal if there is a valid contract. The "respective promises supporting bilateral contracts *must be scrutinized* to determine whether the performance promised constitutes sufficient consideration." *R.A. Weaver and Associates, Inc. v. Asphalt Constr., Inc.*, 587 F.2d 1315, 1318 (D.C. Cir. 1978) (emphasis added). Accordingly, "the mere uttering of the promises, as opposed to their content, will not itself supply the consideration." *See Id.* If there is insufficient consideration, no contract exists. *See Little v. Berry,* 417 A.2d 966, 967 (D.C. App. 1980).

---

[2] Although Basic Research argues this motion under the case law of the District of Columbia, Basic Research does not believe (as asserted herein) that a contract exists and, as such, reserves its right to argue that the laws of the state of Utah govern this dispute.

In this action, the alleged "contract" that supposedly forms the basis of the Willard Hotel's complaint is not a valid contract; it is at best an "option," or a "second option," for which the Willard Hotel paid no consideration. For example, the Group Reservation Agreement states:

> "Should your meeting specifications be requested by another organization prior to your **option date**, the Willard Inter-Continental Washington will notify you and provide a forty-eight (48) hour decision period for your organization to confirm this agreement or release the dates requested.
>
> At any time, should another organization request your space, you have the right of first refusal for two (2) business days **to sign a contract**, or the Hotel has the right to change the status of the this booking to a **second option**."

(Group Reservation Agreement, at p. 5) (emphasis added). A copy of the Group Reservation Agreement is attached to the memorandum as EXHIBIT A and incorporated by reference herein.

Thus, the Group Reservation Agreement is not a contract for room reservations – it specifically refers to a future contract to be signed by the parties. No such contract ever was signed by Basic Research. Consequently, no signed contract with the Willard Hotel exists.

The language of the "Group Reservation Agreement" confirms that the Willard Hotel has promised nothing to Basic Research. The Willard Hotel unilaterally could treat the agreement as a "contract" if it suited its needs (*e.g.*, a party canceled its so-called reservations), but as an "option" or "second option" if some other "organization" would be willing to pay more. The Willard Hotel neither promised, reserved, nor guaranteed anything. Instead, it kept its 'options' open.

The Willard Hotel's "obligation" to reserve rooms for Basic Research was empty, hollow, and meaningless. An "apparent promise is not consideration if by its terms the promisor or purported promisor reserves a choice of alternative performances..." *See* RESTATEMENT (SECOND) OF CONTRACTS § 77 (1981). Agreements that do not oblige a party are illusory. They are unenforceable. *See, Ridge Runner Forestry v. Veneman*, 287 F.3d 1058, 1061-62 (Fed. Cir. 2002). In *Ridge Runner*, the court held that promises subject to the promisor's future will are illusory because their obligations are the same as though they had made no promise at all.

The Willard Hotel's interpretation of its "Group Reservation Agreement" is better characterized as an illusory "heads I win, tails you lose" proposition, and does not establish any real obligation. Therefore, it is not an enforceable contract.

**II.  Even Under the Willard Hotel's Unilateral Interpretation of the Illusory Agreement, Basic Research had a Right to Cancel Its "Reservations" Without Charge.**

The plain language of the agreement confirms that Basic Research had a right to cancel its "reservations" until 6 p.m. on February 26, 2006 (which it did):

> **"Individual reservations must be canceled by 6:00pm [sic] the day prior to arrival to avoid a no-show charge."**

(Ex. A, Group Reservation Agreement, at p. 3) (emphasis added).

The arrival date anticipated in the agreement was <u>February 27, 2006</u>. (Cmpl., ¶ 7). Basic Research cancelled its reservations on <u>February 24, 2006</u> – *well before the 6:00 p.m. the day prior to arrival cut-off.* (*Id.* at ¶ 11). There is no dispute over this point.

Because there is contradictory cancellation language on page 4 of the agreement it is ambiguous. "[I]t is settled law that any ambiguity in a contract will be construed

against the drafter." *Affordable Elegance Travel, Inc.*, 774 A.2d at 328. Irrespective of the contradictory terms, at a minimum, an "individual" could cancel by 6:00 p.m. the day prior to arrival. Had the Willard Hotel indicated that it's interpretation of the Agreement would hinge on such a benign, technical, mis-reading of the language, Basic Research would have had the individuals for whom it had reserved the rooms call and cancel reservations on an individual basis. The ability to have "individuals" covered by the contract be able to do what they could not do as a group renders the contract meaningless, particularly where the agreement was negotiated for a group. Contracts that are meaningless elude enforcement.

Thus, either:

- Basic Research had a clear right to terminate its "reservations" without charge, which Basic Research executed in a timely fashion; or

- There are contradictory clauses to a material term – cancellation – evidencing no agreement or "meeting of the minds" and, therefore, no enforceable contract. *Duffy v. Duffy*, 881 A.2d 630, 634 (D.C. 2005) (in order to prove the existence of an enforceable contract there must be an agreement to all material terms); or

- There are contradictory cancellation clauses that should be construed against the Willard Hotel as drafter, thus the first cancellation clause gives Basic Research the right to cancel without charge; or

- The contract is meaningless and, therefore is unenforceable.

For any or all of these reasons, Basic Research should not be required to pay any cancellation fee and, as such, the Willard Hotel's Complaint does not survive dismissal.

### III. The Court Also Should Dismiss the Willard Hotel's Promissory Estoppel Claim.

To the extent the Court determines a valid contract did exist between the parties, the Willard Hotel's promissory action claim should be dismissed:

> "Promissory estoppel . . . is not available in all circumstances; District of Columbia law presupposes that an express, enforceable contract is absent when the doctrine of promissory estoppel is applied."

*Daisley v. Riggs Bank*, 372 F.Supp.2d 61, 71 (D.D.C. 2005) (internal citation omitted); *see also, Int'l Bus. Mach. Corp. v. Medlantic Healthcare Group*, 708 F. Supp. 417, 424 (D.D.C. 1989) (written contract "nullifies the effect that promissory estoppel might otherwise have").

Under the law of District of Columbia, to establish promissory estoppel, the plaintiff must show: (1) a promise; (2) that reasonably induced reliance; and (3) that the promisee relied on the promise to its detriment. *Daisley*, 372 F.Supp.2d at 71. In addition, the performance of a promise that completes a contract is analogous to a reasonable reliance that is an element needed to prove promissory estoppel. *Rinck v. Ass'n of Reserve City Bankers*, 676 A.2d 12, 17, n.6 (D.C. App. 1996). The Willard Hotel's claim for promissory estoppel fails for the following reasons:

- There was no promise to pay the alleged $222,591.00 cancellation fee, because Basic Research had a clear right to terminate its "reservations" without charge, which Basic Research executed in a timely fashion.

- No reliance reasonably was induced because the Willard Hotel did not reserve or hold open any rooms. To the contrary, the Willard Hotel neither promised, reserved, nor guaranteed anything. The Willard Hotel's "obligation" to reserve rooms for Basic Research is empty, hollow and meaningless.

- The Willard Hotel – as "promisee" – did not rely on any "promise" to its detriment. It attempted to lock-in Basic Research while awaiting an offer from a higher bidder for the identical rooms.

## CONCLUSION

For the foregoing reasons, Basic Research respectfully requests that the Willard Hotel's Complaint be dismissed with prejudice, pursuant to Rule 12(b)(6).

## REQUEST FOR ORAL HEARING

Pursuant to Local Civil Rules 47(f) and 78.1, Basic Research respectfully requests this Court to schedule an oral hearing on this Motion.

Respectfully submitted,

_____
Joseph Walker (DC Bar No. 452911)
Richard W. Beckler (DC Bar No. 262246)
Howrey, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800 (Telephone)
(202) 383-6610 (Fax)

Gary F. Bendinger (UT Bar No. 00281)
Christopher B. Sullivan (IL Bar No. 6230362)
Howrey LLP
170 South Main Street
Suite 400
Salt Lake City, UT 84101-1605
(801) 533-8383 (Telephone)
(801) 531-1486 (Fax)

Attorneys for
Basic Research, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL,<br><br>  Plaintiff,<br><br>vs.<br><br>BASIC RESEARCH, LLC,<br><br>  Defendant. | Case No. 1:06-cv-01171-PLF<br>Judge: Paul L. Friedman |

**PROPOSED ORDER GRANTING BASIC RESEARCH'S
MOTION TO DISMISS UNDER THE *COLORADO RIVER DOCTRINE*
**

   Having reviewed defendant Basic Research LLC's Motion to Dismiss and good cause appearing, therefore:

   THE COURT HEREBY ORDERS that the defendant's Motion to Dismiss is granted.

   DATED this ____ day of _____, 2006.

                              BY THE COURT:


                              _____
                              Honorable Paul L. Friedman

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2006, a true and correct copy of the foregoing **MOTION TO DISMISS WITH PREJUDICE PURSUANT TO RULE 12(B)(6)** was served on the following individual by electronic mail and certified first-class mail:

Zachary Taylor Shultz
Seyfarth Shaw LLP
Suite 500
815 Connecticut Avenue, N.W.
Washington, DC  20006

_____
Lois Freedman