UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLARD ASSOCIATES, a limited )
partnership, d/b/a WILLARD INTER- )
CONTINENTAL HOTEL, )
)
        Plaintiff, )  Case No. 1:06-cv-01171-PLF
)   Judge: Paul L. Friedman
vs. )
)
BASIC RESEARCH, LLC, )
)
        Defendant. )
)

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PURSUANT TO THE "*COLORADO RIVER* DOCTRINE"

Defendant Basic Research, LLC ("Basic Research") respectfully submits this memorandum in support of its motion to dismiss Plaintiff's complaint or, in the alternative, stay these proceedings pursuant to the "*Colorado River* Doctrine."[1]

### INTRODUCTION

On June 1, 2006, Basic Research filed suit against the Willard Hotel in the State of Utah (the "Utah Action") seeking declaratory and affirmative relief on the identical circumstances and facts that give rise to the complaint here. (*Basic Research, LLC v. Willard InterContinental Washington D.C.*, Case No. 060909137 (3d. Jud. Dist., Utah), a true and correct copy of the complaint filed in the Utah Action is attached hereto as EXHIBIT 1 and a copy of the complaint filed here is attached as EXHIBIT 2 for the Court's convenience). Rather than respond in the Utah Action, on June 26, 2006, or three

---

[1] Simultaneously with this motion, Defendant is filing a "Motion To Dismiss With Prejudice Pursuant To Rule 12(b)(6)."

1

weeks after Basic Research filed the Utah Action, the Willard Hotel filed this second action, also to determine the rights and obligations of the parties under the "agreement" – exactly what Basic Research has asked the Utah court to do. The Willard hotel filed this action in bad-faith with full knowledge of the Utah Action. Under the *Colorado River* Doctrine, this Court should refuse to exercise its discretionary jurisdiction and dismiss the pending action in favor of the current parallel state proceeding to avoid unnecessary and duplicative litigation or, in the alternative, stay these proceedings pending the outcome of the pending Utah Action.

## ARGUMENT

Under the *Colorado River* Doctrine, this Court has the discretion to refuse to exercise jurisdiction and dismiss the pending action in favor of the current parallel state proceeding. In *Colorado River*, the United States Supreme Court found that dismissal of an action in federal court due to parallel state court proceedings was appropriate because of "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

### I. This Court Should Dismiss This Action Because Parallel Proceedings are Currently Pending in the State of Utah.

When two suits arise out of the same transaction, the suits constitute parallel proceedings. *See Handy v. Shaw*, 325 F.3d 346, 350 (D.C. Cir. 2003). Fed. R. Civ. P. 13(a) governs when the later filed parallel proceeding should be dismissed. *See Id*.

This action is between the same parties on the exact set of facts in dispute in an action already pending in Utah. Both actions seek to determine the rights and obligations

of the parties under the same agreement. Because these two suits arise out of the same transaction, the suits constitute parallel proceedings.

## II. This Court Has the Discretion to Dismiss the Willard Hotel's Complaint Under the *Colorado River* Doctrine.

The United States Supreme Court has established that a variety of factors must be weighed in determining whether to stay or dismiss a federal court action, including: (1) the order in which jurisdiction was obtained by the concurrent forums; (2) whether the concurrent litigation will cause piecemeal litigation, a waste of judicial resources, inconvenience of the parties, and risk of conflicting results; (3) whether state or federal law controls; and (4) whether the state proceeding is adequate to protect the parties' rights. *See Colorado River*, 424 U.S. at 817-818: *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against the exercise is required." *Colorado River*, 424 U.S. at 818-819.

The Court should dismiss this case under the *Colorado River* Doctrine for the following reasons:

*First*, the Utah Action was the first action filed. Basic Research filed the Utah Action on June 1, 2006. Rather than litigate in the court that first obtained jurisdiction, the Willard Hotel filed this retaliatory duplicative litigation on June 26, 2006, twenty-five days after the Utah Action was filed.

*Second*, the pending case will cause piecemeal, wasteful, and inconvenient litigation, and risk conflicting outcomes. Moreover, the duplicative state and federal proceedings will require the same evidence and witnesses. It is possible that two trials

will be ongoing in both Utah and the District of Columbia at or near the same time. Concurrent, piecemeal litigation necessarily would waste judicial resources, would be inefficient, and would undermine the *Colorado River* Doctrine.

*Third*, there is no federal question at issue either in this action or in the Utah Action. Defendant believes that Utah law controls because there is no enforceable contract. *See* Defendant's 12(b)(6) Memorandum, Section I, attached as EXHIBIT 3 for the Court's convenience.

*Fourth*, Plaintiff will not lose any rights or relief in the dismissal or stay of this litigation because it must litigate in Utah where the controversy first was filed.

## CONCLUSION

The Willard Hotel filed this action in bad-faith, and did so with full knowledge of the Utah Action. As such, considerations of judicial administration – giving due regard to conservation of court resources and comprehensive disposition of this litigation – counsels that this suit should be dismissed and the ongoing, first filed Utah Action, must proceed.

For the foregoing reasons, Basic Research respectfully requests that the Willard Hotel's complaint be dismissed or, in the alternative, stayed pursuant to the *Colorado River* Doctrine.

## REQUEST FOR ORAL HEARING

Pursuant to Local Civil Rules 47(f) and 78.1, Defendant Basic Research hereby respectfully requests this Court to schedule an oral hearing on this Motion.

Respectfully submitted,

*[signature]*

Joseph Walker (DC Bar No. 452911)
Richard W. Beckler (DC Bar No. 262246)
Howrey, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800 (Telephone)
(202) 383-6610 (Fax)

Gary F. Bendinger (UT Bar No. 00281)
Christopher B. Sullivan (IL Bar No. 6230362)
Howrey LLP
170 South Main Street
Suite 400
Salt Lake City, UT 84101-1605
(801) 533-8383 (Telephone)
(801) 531-1486 (Fax)

Attorneys for
Basic Research, LLC

Dated: July 20, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL,<br><br>  Plaintiff,<br><br>vs.<br><br>BASIC RESEARCH, LLC,<br><br>  Defendant. | Case No. 1:06-cv-01171-PLF<br>Judge: Paul L. Friedman |

**PROPOSED ORDER GRANTING BASIC RESEARCH'S
MOTION TO DISMISS UNDER THE *COLORADO RIVER DOCTRINE*"**

  Having reviewed defendant Basic Research LLC's Motion to Stay Proceedings under the Colorado River Doictrine and good cause appearing, therefore:

  THE COURT HEREBY ORDERS that the defendant's Motion to Stay Procedings is granted.

  DATED this ____ day of _____, 2006.

                 BY THE COURT:

                 _____
                 Honorable Paul L. Friedman

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2006, a true and correct copy of the foregoing **MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEDEDINGS PURSUANT TO THE** *"COLORADO RIVER DOCTRINE"* was served on the following individual by electronic mail and certified first-class mail:

Zachary Taylor Shultz
Seyfarth Shaw LLP
Suite 500
815 Connecticut Avenue, N.W.
Washington, DC  20006

*/s/ Lois Freedman*
Lois Freedman

DM_US\8368227.v1