# EXHIBIT 1

FILED
THIRD DISTRICT COURT

2005 JUN -1 P 4: 17

SALT LAKE COUNTY

BY_____
DEPUTY CLERK

Jason Kerr #8222
Attorney at Law
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Telephone: (801) 517-7088

Attorney for Plaintiff, Basic Research, LLC

IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY
STATE OF UTAH

| | |
|---|---|
| BASIC RESEARCH, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> -vs- <br><br> WILLARD INTERCONTINENTAL WASHINGTON D.C., and JOHN DOE CORPORATIONS I-X, <br><br> Defendants. | COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, CONVERSION, and EQUITABLE DISGORGEMENT <br><br> Case No.: 300909137 <br><br> Judge: Medley |

Plaintiff Basic Research, LLC seeks a declaration 1) that no contract exists between it and defendant Willard InterContinental Washington D.C. for the reservation of hotel rooms because the signer of the contract did not have authority to contract on behalf of the plaintiff, 2) in the alternative, if a contract exists, the plaintiff complied with the terms of the contract by canceling its reservation before 6:00 pm the day prior to the scheduled arrival, and 3) that as a result, the plaintiff is entitled to reimbursement of its $90,000.00 deposit and a declaration that it owes no money or other obligations to the defendant. The plaintiff also alleges causes of action for breach of contract and conversion.

DECLARATORY RELIEF COMPLAINT
1 of 9

## PARTIES

1.      Plaintiff Basic Research, LLC is a limited liability company doing business as Basic Research, organized and existing under the laws of the State of Utah, with its principal place of business in Salt Lake City, Utah.

2.      On information and belief, Defendant Willard InterContinental Washington D.C., is a business of unknown corporate form, with its principal place of business in Washington D.C.

3.      John Doe Corporations I-X are corporations or business entities whose identities currently are unknown, but on information and belief, may have liability for acting in concert with the defendant.

## JURISDICTION AND VENUE

4.      This is an action for declaration of the validity and meaning of a contract allegedly entered into between the plaintiff and the defendant in Salt Lake City, Utah for hotel rooms in Washington D.C.

5.      The Court has subject matter jurisdiction pursuant to Utah Code Ann. § 78-33-1, Utah Rule of Civil Procedure 57, Utah Code Ann. § 70A-1-101, and Utah Common law.

6.      The Court has personal jurisdiction over the defendant under Utah's long-arm statute, Utah Code Annotated §78-27-24. The defendant has (i) transacted business within this State by soliciting a contract for room reservations with a Utah company, (ii) threatened legal action against the plaintiff, a Utah company with its principal place of business in Salt Lake County, which threats have included directing numerous communications to the plaintiff in Utah, and (iii) caused injury in this state.

DECLARATORY RELIEF COMPLAINT
2 of 9

7.     Venue is proper in the Third District under Utah Code Ann. § 78-13-6.

## FACTUAL ALLEGATIONS

### Discussions Regarding Hotel Room Bookings

8.     On or around December 2005, Lynanne Swensen, an individual who handled travel arrangements for the plaintiff, and Katie Thompson, an employee of the defendant began discussing the possibility of Plaintiff reserving rooms from February 27, 2006, until March 21, 2006.

9.     During the discussions, Katie Thompson told Lynanne Swensen that she would include a clause in any future agreement that all cancellation charges and deposits would be put toward future bookings.

### The Group Reservation Agreement

10.    At some point during Katie Thompson and Lynanne Swensen's discussions, Willard presented Lynanne Swensen with a "Group Reservation Agreement" that it had drafted. *See* Exhibit A.

11.    Despite Katie Thompson's promises, the clause regarding future bookings was not in the contract.

12.    According to custom and standards in the hotel industry, so long as a reservation is cancelled by 6:00 pm the day prior to the reservation, the reservation is cancelled and there is no charge assessed.

13.    Consistent with this well known and established industry custom, the Group Reservation Agreement contains the following clause:

> Individual reservations must be cancelled by 6:00 pm the day
> prior to arrival to avoid a no-show charge.

14.    The defendant also required a $90,000.00 deposit to hold the rooms, which the plaintiff secured with its American Express corporate card.

### Plaintiff's Procedure for Signing Contracts

15.    The plaintiff has a well established procedure regarding the signing of all contracts, which was not followed by Lynanne Swensen in this case:

16.    All contracts must be vetted and approved by the legal department, and approved by the plaintiff's CEO.

17.    Once the contract is vetted and approved by the legal department and CEO, all contracts must be signed by a person who has been given prior approval to sign contracts.

18.    Only a limited number of individuals have authority to sign contracts on behalf of the plaintiff, and CEO signs most contracts on behalf of the plaintiff.

19.    Lynanne Swensen does not have and never did have approval to sign contracts on behalf of the plaintiff, nor did the plaintiff ever advise the defendant that she had such authority.

### The Group Reservation Agreement Was Not Signed By Anyone With Authority to Bind the Plaintiff

20.    Lynanne Swensen did not follow the plaintiff's well established procedure for the Group Reservation Agreement.

21.    Lynanne Swensen did not obtain the plaintiff's CEO's approval for the Group Reservation Agreement.

22.    Despite the fact that she lacked, and never had, authority to sign contracts on behalf of the plaintiff, Lynanne Swensen signed the Group Reservation Agreement on January 27, 2006, without the knowledge or consent of the plaintiff.

DECLARATORY RELIEF COMPLAINT
4 of 9

### The Plaintiff Cancelled Its Reservation By 6:00 PM the Day Prior to the Plaintiff's Scheduled Arrival

23.    The plaintiff was scheduled to begin occupancy of the rooms on Monday, February 27, 2006.

24.    On Friday, February 24, 2006, at 6:07 pm, Lynanne Swensen sent an e-mail to Katie Thompson and Abdul Hamidullah from the defendant giving them notice that the rooms would no longer be needed and to release the rooms for booking by other patrons. *See* Exhibit B.

25.    On Monday, February 27, 2006, Katie Thompson acknowledged receipt of Lynanne Swensen's e-mail, and claimed that "all cancellation fees are due immediately, in full," but she did not specify how much the cancellation fees were. *See* Exhibit C.

### Willard Charged $90,000.00 to Plaintiff's Credit Card

26.    On or about February 3, 2006, despite the fact that there was no valid contract between the defendant and the plaintiff, the defendant charged a $90,000.00 deposit fee to the plaintiff's American Express card.

27.    The plaintiff has failed to return the $90,000.00 deposit.

### The Defendant Claims It Is Entitled to 85% of the Full Room Rate on the Cancelled Reservation

28.    On March 30, 2006, the defendant sent the plaintiff an invoice for $132,591.00, which it calculated was 85% of the room rate less the plaintiff's $90,000.00 deposit.

29.    The defendant claimed entitlement to this amount based upon a provision of the Group Reservation Agreement. The defendant ignored the provision stating that so long as the plaintiff cancelled its reservation by 6:00 pm the day prior to the first day of the reservation there would not be a "no-show" charge applied.

30.    At this point, the plaintiff's CEO and General Counsel first became aware of the Group Reservation Agreement that Lynanne Swensen had wrongfully signed.

<u>The Defendant Has Threatened to Sue the Plaintiff</u>

31.    On May 9, 2006, the defendant's attorney, the law firm of Seyfarth Shaw, sent the plaintiff a demand letter threatening to sue the plaintiff for $132,591.00. *See* Exhibit D.

32.    Beginning on May 25, 2006, counsel for the plaintiff and counsel for the defendant have had a number of telephone conversations discussing the case, during which the defendant's counsel again threatened suit.

<u>FIRST CAUSE OF ACTION</u>

<u>Breach of Contract</u>

33.    The plaintiff asserts that no contract exists between it and the defendant.

34.    If the Court determines that a contract exists, however, the defendant breached the contract by wrongfully retaining the plaintiff's deposit although not entitled to do so under the Group Reservation Agreement.

35.    The plaintiff is entitled to disgorgement of the $90,000.00 and special and general damages due to the defendant's breach.

## SECOND CAUSE OF ACTION

### Conversion

36.     The defendant is guilty of conversion of the plaintiff's $90,000.00 deposit because it willfully and wrongfully converted the plaintiff's $90,000.00 for its own use, without lawful justification, thereby depriving the plaintiff of its use and possession of its $90,000.00.

37.     The plaintiff is entitled to disgorgement of the $90,000.00 and special and general damages due to the defendant's breach.

## THIRD CAUSE OF ACTION

### Equitable Disgorgement

38.     The plaintiff is entitled to equitable relief in that the defendant has wrongfully taken the plaintiff's $90,000.00 and the plaintiff is entitled to an order requiring the defendant to disgorge the $90,000.00 deposit and return it to the plaintiff.

## RELIEF

Plaintiff Basic Research, LLC prays for relief and declaratory judgment as follows:

1.     That no contract exists between the plaintiff and the defendant because the person who signed the Group Reservation Agreement did not have authority to bind the plaintiff;

2.     In the alternative, if a contract exists, the plaintiff complied with the terms of the contract by canceling its reservation before 6:00 pm the day prior to the scheduled arrival;

3.     That as a result of either the fact a) that no contract exists, or b) that the plaintiff complied with the terms of the contract, the plaintiff is entitled to reimbursement of its $90,000.00 deposit and a declaration that it owes no money or other obligations to the defendant;

4.     That the "liquidated damages" provision of the Group Reservations Agreement is void and unenforceable because it did not reasonably reflect expected damages at the time the contract was entered;

5.     For general damages in an amount to be determined at trial;

6.     For special damages in an amount to be determined at trial;

7.     For attorneys' fees, costs and expenses, as may be allowed by law and under the terms of the Group Reservation Agreement;

8.     For such other and further relief as the Court deems just, equitable and proper.

DATED this _____ day of June, 2006.

Respectfully Submitted.

BASIC RESEARCH, LLC

By:   Jason Kerr
Attorney for Plaintiff

DECLARATORY RELIEF COMPLAINT
8 of 9

Plaintiff's Address:

Basic Research, LLC
5742 W. Harold Gatty Drive
Salt Lake City. Utah 84116

# EXHIBIT A

Group Reservation Agreement
between
Willard InterContinental Washington DC
and
Basic Research

represented by:

| | |
|---|---|
| | Ms. Lynionne Sorensen |
| | Basic Research |
| Street | 3772 West Kahale Carey Drive |
| City | Salt Lake City, UT 84116 |
| Country | USA |
| Telephone | 801-550-2023 |
| Fax # | 801-517-7003 |

The above parties agree to enter into a Group Reservation Agreement as per the following terms, and conditions:

The Client agrees to contract the following number of rooms at the Willard InterContinental Washington for the following period:

Group event:    Basic Research

| Date | | | | | | Total |
|---|---|---|---|---|---|---|
| Monday 02/27/06 | 14 | 1 | 0 | 1 | | 16 |
| Tuesday 02/28/06 | 13 | 1 | 0 | 1 | | 16 |
| Wednesday 03/01/06 | 13 | 1 | 0 | 1 | | 16 |
| Thursday 03/02/06 | 13 | 1 | 0 | 1 | | 16 |
| Friday 03/03/06 | 14 | 1 | 0 | 1 | | 16 |
| Saturday 03/04/06 | 13 | 1 | 0 | 1 | | 16 |
| Sunday 03/05/06 | 12 | 1 | 1 | 1 | | 15 |
| Monday 03/06/06 | 12 | 9 | 1 | 1 | | 15 |
| Tuesday 03/07/06 | 15 | 1 | 1 | 1 | | 18 |
| Wednesday 03/08/06 | 15 | 1 | 1 | 1 | | 18 |
| Thursday 03/09/06 | 15 | 1 | 1 | 1 | | 18 |
| Friday 03/10/06 | 15 | 1 | 1 | 1 | | 18 |
| Saturday 03/11/06 | 15 | 1 | 1 | 1 | | 18 |
| Sunday 03/12/06 | 15 | 1 | 1 | 1 | | 18 |
| Monday 03/13/06 | 15 | 1 | 1 | 1 | | 18 |
| Tuesday 03/14/06 | 15 | 1 | 1 | 1 | | 18 |
| Wednesday 03/15/06 | 15 | 1 | 1 | 1 | | 18 |
| Thursday 03/16/06 | 15 | 1 | 1 | 1 | | 18 |
| Friday 03/17/06 | 15 | 1 | 1 | 1 | | 18 |
| Saturday 03/18/06 | 16 | 1 | 0 | 1 | | 19 |
| Sunday 03/19/06 | 15 | 1 | 0 | 1 | | 17 |
| Monday 03/20/06 | 13 | 1 | 0 | 1 | | 19 |
| Tuesday 03/21/06 | 15 | 1 | 0 | 1 | | 17 |

FROM-WILLARD INTER-CONTINENTAL      202 637 7301      T-191   P 054/063   F-255

| | | | | |
|---|---|---|---|---|
| Wednesday 03/22/06 | 15 | 1 | 0 | 1 | 17 |
| Thursday 03/23/06 | 15 | 1 | 0 | 1 | 17 |
| Friday 03/24/06 | 15 | 1 | 0 | 1 | 17 |
| Saturday 03/25/06 | 15 | 1 | 0 | 1 | 17 |
| Sunday 03/26/06 | 15 | 1 | 0 | 1 | 17 |
| Monday 03/27/06 | 15 | 1 | 0 | 1 | 17 |
| Tuesday 03/28/06 | 15 | 1 | 0 | 1 | 17 |
| Wednesday 03/29/06 | 15 | 1 | 0 | 1 | 17 |
| Thursday 03/30/06 | 15 | 1 | 0 | 1 | 17 |
| Total | 456 | 32 | 14 | 32 | 534 |

## ROOM RATES
The following room rates will apply:

| Suite Type | Single Rate | Double Rate |
|---|---|---|
| Standard Room | $309.00 | $309.00 |
| Executive Suite | $799.00 | $799.00 |
| Oval Suite | $1,100.00 | $1,100.00 |
| Washington Suite | $2,500.00 | $2,500.00 |

Additional Person, $30.00 per person per night

Rates are nonrefundable and subject to applicable city and occupancy taxes currently 14.5%. Children 17 years old and younger will not be charged as additional persons.

All suite rates are quoted with one bedroom. Other suite types may be required by your Group based upon availability.

## CUT OFF DATE
The guest room block will be held until February 13, 2006. Following the Cut Off date, all rooms still outstanding in the block less, which are not confirmed with a guest name, arrival and departure date, will be released back into general inventory for the hotel to resell. Any rooms requested by Eli: s Research following the release of the block will be subject to prevailing and rates and availability.

## DECISION DATE
The decision date is January 27, 2006. The room block and function space will be held until that date. If, by this time, we have not received the signed agreement, all rooms and function space will be released.

## PUBLISHED RATES

| | |
|---|---|
| Standard Guestroom | $550.00 |
| Willard Room | $790.00 |
| Junior Suite* | $1,200.00 |
| Executive Suite* | $1,800.00 |
| Executive Suite Room View | $2,000.00 |

## RESERVATION PROCEDURES
We understand that your reservations will be made through:

Rooming List    Reservations will be finalized by rooming list, which is due on February 13, 2006. The rooming list should clearly show arrival and departure dates of a guest.

Page 3 of 11
Bazi Research / 8

method of guarantee, and any special requests or additional instruction (such as non-smoking, special billing arrangements, double beds etc. Please fax your rooming list(s) directly to Sales at (202) 637-7307.

The release date for the block of rooms is 5:00pm (Eastern Time) February 13, 2006. Please ensure that you have submitted your requirements to the hotel prior to that date. Any reservations received after February 13, 2006 will be based upon availability of both space and rate.

Check-in time is 3:00 p.m. on the day of arrival. Check out is 12 noon on the day of departure. If early arrivals and late departures are necessary, please let us know in advance. We will make every effort to accommodate your requests.

## PORTERAGE and ROOM DELIVERIES

If there is a group arrival or group departure, a unified bell service effort will be required. A charge of $14.50 per person round-trip will be charged to the group's Master Account based upon the number of guests requiring the service.

Currently, each delivery is being charged at $2.00 for deliveries outside the room and $3.00 for deliveries inside the guest room. Please note that delivery charges are subject to change and will be confirmed by your conference services contact prior to your program.

We suggest a maid gratuity at $2.00 per room per day. If you wish, this may be added to your master account.

## BILLING PROCEDURES

| | |
|---|---|
| Full Master Account | It is our understanding that all room, tax and incidental charges as well as organization functions will be paid by Basic Research, pending approval of credit. |
| Reservation Guarantee | The Willard InterContinental Washington DC requires a first night deposit or guarantee on all reservations. When a reservation is guaranteed by a check or money order, the guest has 10 days to provide a guarantee. If the guarantee is not received 10 days prior to arrival, the reservation will be cancelled. Reservations can be guaranteed by check, money order, major credit card or to your master account. |
| | If guestrooms are to be guaranteed to your Master Account, we will require that you state this in writing on your letterhead. |
| Cancellation | Individual reservations must be cancelled by 6:00pm the day prior to arrival to avoid a no-show charge. |
| Billing | Full payment is due upon checkout, or with approved credit, within 30 days of presentation of invoices. |

## CREDIT POLICY

All events require a deposit no later than 30 days prior to the scheduled event. All payments and deposits are accepted via credit card or company check. To make payment by credit card submit the enclosed credit card authorization form completed and signed along with a copy of the front and back of the card.

If your organization wishes to apply for credit, the enclosed credit application must be completed and received by our credit office 45 days prior to the function. Please return application to:

Page 1 of 11
Basic Research /R

Sales Department
Attn: Katie Thompson
Willard InterContinental Hotel

In the event credit is approved, a master account will be established. All invoices are due and pay able upon receipt. All disputed invoices must be communicated to the hotel's Accounting department within 10 days of receipt, otherwise the invoice is deemed as correct and payable in full. Should the hotel deem a ny portion of this account to be delinquent, 2006 Katie Thompson Inquiry Account agrees to be responsible f or an interest penalty at the maximum rate allowed by law. 2006 Katie Thompson Inquiry Account will also be responsible for all attorney's fees and all other cost as incurred by the Hotel in the collections of m onies owed under this agreement.

In the event that credit is not required or not approved, payment of the group's total estimated master account(s) will be due to the hotel 10 days before the first scheduled event. Failure to remit the ap propriate payment on a timely basis will result in cancellation of all arrangements outlined in this contract and the Group shall be liable for the amounts as described in the cancellation policy.

## DEPOSIT

| Deposit Description | Due Date | Amount Received |
|---|---|---|
| Initial Deposit | 1/00/2006 | $ 90,000.00 |

* Deposit invoice attached.

## ATTRITION

The following is a schedule of fees in the event that your cumulative room pick up does not equal contracted numbers (this is a one-time fee):

| | |
|---|---|
| $ 222,591.00 (85% or more of estimated room revenue) | None |
| $ 222,590.00 (84% or less of estimated room revenue) | All rooms that are not picked up will be charged 100% at the room rate. |

## SIGNAGE

Signage is not permitted in the lobby or other public areas of the Willard. Signage, to be used in the immediate area of meeting provider must be professionally created, no larger than 24 inches wide and 36 inches high, and must be approved by the hotel Conference Services Manager.

## HOTEL POLICIES REGARDING DISPLAYS AND DELIVERIES

Hotel is not responsible for the creation of signs.
Packages/Crates/Deliveries and all the shipments at the Hotel for Event purposes need to be labeled as follows:

    Name of recipient
    Name of group in house
    Name of Conference Services Contact
    Date of the event

## CANCELLATION POLICY

### ROOMS

In the event of the cancellation of your program after receipt of this signed agreement, the following sliding scale will be assessed as cancellation fee:

| Upon Signature – Arrival | $ 222,591.00 |
|---|---|
| | 85% of estimated room revenue |

The final liquidated damages are calculated by multiplying the contracted total room nights by the contracted rate(s).

**ADA COMPLIANCE**
Willard InterContinental Washington DC agrees to use good faith and efforts to assure the Hotel complies with Title III of the Americans with Disabilities Act (ADA) and its regulations and guidelines.

**ACTS of GOD**
Neither party shall be responsible for any failure of performance due to acts of God, labor disputes, shortages of materials, government authority, other circumstances beyond the reasonable control of either party.

The parties executing this contract hereby represent that they are authorized to bind their respective principals.

**GOVERNING LAW**
This Contract shall be governed by and construed under the laws of the District of Columbia. If any provision of this Contract is unenforceable under applicable law, the remaining provisions shall continue in full force and effect.

**AGREEMENT ACCEPTANCE**
Confirmed in this agreement are detailed commitments and arrangements to be provided. To enable us to provide meetings service, any requirements beyond these commitments should be indicated by you upon return of the signed copy of this agreement. The conditions shall be considered confirmed when hotel's receipt of signed copy of this agreement [changes must be ratified by counter initial of sale manager] which is to be received no later than January 27, 2006.

Should your meeting specifications be requested by another organization prior to your option date, the Willard Inter-Continental Washington will notify you and provide a forty-eight (48) hour decision period for your organization to confirm this agreement or release the dates requested.

At any time, should another organization request your space, you have the right of first refusal for two (2) business days to sign a contract, or the Hotel has the right to change the status of this booking to a second option.

If the conditions of this agreement meet with your approval, please indicate your acceptance by signing and returning a copy of this agreement by January 27, 2006. All arrangements will be considered as a tentative basis until this document is signed and received. It is our understanding that the one assigned is empowered by said organization to overcome this agreement.

The parties executing this contract hereby represent that they are authorized to bind their respective principals.

**FACSIMILE of CONTRACT**
Both parties agree that a facsimile transmission [with confirmation] of this contract constitutes a capable delivery and legally binds the parties to this agreement.

_____          _____
Ms. Lynnann Swensen                    Katie Thompson
Book Network                           Willard InterContinental Washington DC

1/27/2006                              1/20/06
DATE                                   DATE

JAN-30-06  15:28  FROM-WILLARD INTER-CONTINENTAL          202 000 1001      P-001  T-000004  F-004

## DEPOSIT INVOICE

**GROUP NAME:**
Basic Research

**HOTEL:**
Willard InterContinental Washington DC

**GROUP CONTACT:**
Ms. Lynanne Swensen

**CONTACT:**
Katie Thompson

**ADDRESS:**
Basic Research
5742 West harold Gatty Drive
Salt Lake City, UT 84116

**DATES:**
February 2006

**ROOM REVENUE:**

| Room Type | # of Rooms | Average Rate | Total |
|---|---|---|---|
| Standard | 534 | $490.30 | $ 261,872.00 |

**DEPOSIT SCHEDULE**

| Description | Amount Due | Amount Due Date |
|---|---|---|
| Initial Deposit | 7/30/2006 | 90,000.00 |

*Deposit does not include additional room nights and incidental charges due in full upon departure.*

**METHOD of PAYMENT:**
Deposit may be made by a company check, wire transfer or credit card as noted below.

    ◊  Please make checks payable to:    Willard InterContinental Washington DC
    ◊  Wire Transfer Instructions:    CITIBANK-F.S.B.
                              1400 G Street, NW
                              Washington, D.C. 20004
                              ABA #254070116
                              A/C # 6675 5309
                              (Please add $25.00 handling fee for each transfer)
    ◊  Credit card forms will be provided upon request.

_____          _____
Ms. Lynanne Swensen                       Katie Thompson

# EXHIBIT B

Lynanne Swensen - RE: Willard - 2006

From:     Lynanne Swensen
To:       Katie Thompson
Date:     2/24/2006 4:07 PM
Subject:  RE: Willard - 2006
CC:       Abdul_Hamidullah@Interconti.com

Katie,

I just received word that the FTC hearing has been postponed. It has not been settled or canceled. We will receive notice of the new hearing date within the next 30 days. At that time we will need to rebook our room block. Please go ahead and release the rooms that we have held per our agreement.

Any revenue that can be recovered, please apply towards our account and then any remaining balance can remain a credit towards our rebooking, once the hearing is rescheduled.

Thank you for your patience and assistance.

Lynanne


Lynanne Swensen
Director of Travel
Basic Research/Majestic Media
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
801-530-2923 Office
801-541-6457 Cell
801-517-7003 Fax


CONFIDENTIALITY NOTICE

UNAUTHORIZED INTERCEPTION IS PROHIBITED BY FEDERAL LAW

Electronic Communication Privacy Act of 1986 U.S.C. 2701(a) and 2702(a)

The contents of this transmission may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by telephone (or by reply e-mail) and delete this message. This message is protected by Constitutional Rights and applicable legal privileges. It is strictly confidential.


file://C:\Documents and Settings\LySwense\Local Settings\Temp\XPGrpWise\44278498brdomainbrpo1...

# EXHIBIT C

Lynanne Swensen - RE: Willard - 2006

From:     "Thompson, Katie (IHG)" <Katie_Thompson@Interconti.com>
To:       'Lynanne Swensen' <Lynanne.Swensen@basicresearch.org>
Date:     2/27/2006 8:09 AM
Subject:  RE: Willard - 2005

Good morning, Lynanne -
Thank you for this information. I am sorry to hear that things have been pushed back. At this time, the hotel must show this as a cancellation on the currently held dates. I have attached a letter confirming cancellation and detailing the fees now due. The contract does not contain a clause referencing cancellation fees being applied toward a rescheduled meeting/hearing, so all cancellation fees are due immediately, in full.
Please do keep in touch on the revised dates for the hearing. Should hotel availability allow, we would be delighted to host Basic Research at the Willard InterContinental.

Feel free to contact me should you have any questions on the attached.
Many thanks
Katie

-----Original Message-----
From: Lynanne Swensen [mailto:Lynanne.Swensen@basicresearch.org]
Sent: Friday, February 24, 2006 6:07 PM
To: Katie Thompson
Cc: Abdul_Hamidullah@Interconti.com
Subject: RE: Willard - 2006

Katie,

I just received word that the FTC hearing has been postponed. It has not been settled or canceled. We will receive notice of the new hearing date within the next 30 days. At that time we will need to rebook our room block. Please go ahead and release the rooms that we have held per our agreement.

Any revenue that can be recovered, please apply towards our account and then any remaining balance can remain a credit towards our rebooking, once the hearing is rescheduled.

Thank you for your patience and assistance.

Lynanne

Lynanne Swensen
Director of Travel
Basic Research/Majesctic Metcc
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
801-530-2923 Office
801-541-4457 Cell
801-517-7003 Fax

CONFIDENTIALITY NOTICE

file://C:\Documents and Settings\LySwense\Local Settings\Temp\XPGrpWise\442A4F7.Abrdomain.brpo...

# EXHIBIT D



SEYFARTH
ATTORNEYS SHAW LLP

815 Connecticut Avenue, N.W.

Suite 500

Washington, D.C. 20006-4004

207-463-2400

fax 202-828-5393

www.seyfarth.com

Writer's direct phone

(202) 828-3523

Writer's e-mail

dblake@dc.seyfarth.com

May 9, 2006

**VIA FEDERAL EXPRESS**
Ms. Leyanne Swensen
Basic Research
5742 Harold Gatty Drive
Salt Lake City, UT 84116

Re:    Demand For Payment

Dear Ms. Swensen

We are writing on behalf of Willard Inter-Continental Hotel (hereafter, the "Willard") to demand that Basic Research immediately pay its outstanding hotel bill in the amount of $132,591.00. As you know, the Willard and Basic Research entered into a Group Reservation Agreement (the "Agreement") whereby Basic Research agreed to pay the Willard no less than $222,591.00 in exchange for the Willard holding several hundred room-nights that Basic Research reserved. The Willard performed its end of the bargain; Basic Research, however, has wrongly refused to pay the $132,591.00 remaining on its bill.

On several occasions over the past two months, the Willard has attempted to contact Basic Research and has reminded Basic Research of its obligation to pay the Willard pursuant to the terms of the party's Agreement. Basic Research has refused to respond, and has provided no explanation for its blatant failure to pay the amount that it owes.

If Basic Research continues to ignore the Willard's demands, and remains in breach of the Agreement without excuse, the Willard will be left with no alternative but to take legal action to collect the outstanding balance, plus interest, costs and legal fees recoverable under the Agreement. In order to avoid such legal action, Basic Research must deliver to the Willard the entire outstanding balance of $132,591.00 on or before Wednesday, May 17, 2006.

DC1 30756120 1



Should you have any questions, please contact Taylor Shultz or me.

Sincerely,

SEYFARTH SHAW

David Blake
Z. Taylor Shultz