# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL,<br><br>    Plaintiff,<br><br>v.<br><br>BASIC RESEARCH, LLC<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Willard Associates, a limited partnership, d/b/a Willard Inter-Continental Hotel, by and through its undersigned attorneys, and for its Complaint against Defendant, Basic Research, LLC states as follows:

### THE PARTIES

1. Plaintiff, Willard Associates, is a limited partnership d/b/a Willard Inter-Continental Hotel (hereafter, the "Willard") that operates a hotel located at 1401 Pennsylvania Avenue, N.W., Washington, D.C. 20004 (hereafter, the "Hotel"). The Willard's general partner is the Oliver Carr Company, a corporation organized and existing under the laws of the District of Columbia, with its principal place of business located in Washington, D.C.

2. Upon information and belief, defendant, Basic Research, LLC ("Basic Research") is a corporation organized and existing under the laws of the State of Utah

with a principal place of business located in Salt Lake City, Utah. Basic Research conducts significant business in the District of Columbia.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over Basic Research because, among other things, Basic Research regularly conducts substantial business in the District of Columbia, because this action involves a Group Reservation Agreement that was solicited and negotiated in the District of Columbia and that called for performance in the District of Columbia, and because this lawsuit arises from Basic Research's transaction of business in the District of Columbia.

4. This Court is the proper venue for this action.

## FACTS GIVING RISE TO THIS ACTION

5. On or about December 19, 2005 an agent of Basic Research met with a representative of the Willard at the Hotel to discuss securing a group reservation. This meeting took place in Washington, D.C.

6. On or about January 27, 2006 Basic Research, by and through its agent, Ms. Lyanne Swensen, executed a written and enforceable contract with the Willard entitled "Group Reservation Agreement" (hereafter, the "Group Reservation Agreement"). Among other things, Ms. Swensen expressly represented to the Willard that she had the actual authority to bind Basic Research to the Group Reservation Agreement. Willard signed the Group Reservation Agreement on or about January 30, 2006. A copy of the Group Reservation Agreement is attached hereto as Exhibit A, and is incorporated by reference herein.

7. Under the terms the Group Reservation Agreement, Basic Research agreed to make payments to the Willard in exchange for the Willard's holding open certain rooms and suites (including but not limited to numerous Standard rooms, an Executive Suite, the Oval Suite, and the Washington Suite) at the Hotel between the dates of February 27, 2006 and March 30, 2006.

8. Specifically, per the Group Reservation Agreement, the Willard booked Basic Research for 534 room-nights at an average rate of $490.40 per room. The exact number of rooms and room type per night is set forth in detail in the Group Reservation Agreement at Page 2 of 11. Basic Research agreed to make full payment to the Willard in the amount of $261,872.00 for its reservation of the rooms. Per the Group Reservation Agreement, Basic Research made a deposit with the Willard in the amount of $90,000.00

9. Basic Research further agreed that in the event it cancelled its reservation, it would pay to the Willard a total amount of $222,591.00 as liquidated damages, representing 85% of the estimated room revenue.

10. Pursuant to the Group Reservation Agreement, Basic Research provided the Willard with a Direct Billing Application identifying Basic Research as the firm to be billed for any charges under the Group Reservation Agreement. Basic Research further provided the Willard with a Credit Card Guarantee of Payment Form signed by Haley Blackett authorizing a direct charge of the $90,000 deposit amount to an American Express credit card identifying the responsible party as Basic Research.

11. On or about February 24, 2006, at approximately 6:07 PM, Basic Research sent an electronic mail communication to the Willard asking the Willard to release the rooms that it had booked under the Group Reservation Agreement. On or about Monday,

February 27, 2006 at approximately 8:09 AM the Willard responded to Basic Research by electronic mail informing Basic Research that in light of its decision to cancel its reservation it must pay liquidated damages in the amount of $222,591.00, less its deposit amount.

12. Despite numerous oral and written notices and demands for payment to Basic Research immediately thereafter, Basic Research never responded to the Willard until late May, 2006 when it refused to make payment to the Willard irrespective of obligations under the Group Reservation Agreement.

13. The Willard fully and properly performed its obligations under the Group Reservation Agreement, but Basic Research materially breached the Group Reservation Agreement by refusing to pay the liquidated damages it owes to the Willard.

14. Basic Research is indebted to the Willard in the amount of $132,591.00.

## COUNT I
## (BREACH OF CONTRACT)

15. Each preceding paragraph of this Complaint is incorporated by reference as if fully set forth herein.

16. Under the terms of the Group Reservation Agreement, Basic Research undertook responsibility and liability for payment of all amounts due under the Group Reservation Agreement.

17. The Willard fully and properly performed its obligations under the Group Reservation Agreement.

18. Despite the Willard's fulfillment of its own obligations under the Group Reservation Agreement, Basic Research has failed, refused, and refuses to pay the

amounts it owes to the Willard in connection with Basic Research's cancellation of its reservation under the Group Reservation Agreement.

19. Basic Research has materially breached the Group Reservation Agreement and remains in material breach of the Group Reservation Agreement.

20. As a direct, proximate, and foreseeable result of Basic Research's breach of the Group Reservation Agreement, the Willard has suffered damages in the liquidated amount of $132,591.00.

WHEREFORE, the Willard prays that this Court enter Judgment against Basic Research and in favor of the Willard:

(a) in the principal amount of $132,591.00, representing the contract balance owed by Basic Research;

(b) for pre- and post- judgment interest per the Group Reservation Agreement and as allowed by law;

(c) for the Willard's attorneys' fees, costs and disbursements incurred in this matter; and

(d) for such other and further relief as the Court may deem just and proper.

## COUNT II
### (PROMISSORY ESTOPPEL)

21. Each preceding paragraph of this Complaint is incorporated by reference as if fully set forth herein.

22. On or about December 19, 2005, an agent of Basic Research contacted the Willard by walk-in appointment and asked a Willard representative about securing a group reservation.

Case 1:06-cv-01171-PLF   Document 1   Filed 06/26/2006   Page 6 of 7

23. Thereafter the Basic Research communicated with the Willard through Basic Research's agent, Ms. Lynette Swensen.

24. On or about January 27, 2006, Basic Research promised the Willard that it would pay to the Willard a deposit of $90,000.00 and a total amount of $261,872.00 in exchange for the Willard holding for Basic Research 536 room-nights at its Hotel (including but not limited to standard rooms, executive suites, the Oval Suite, and the Washington Suite) between the dates of February 27, 2006 and March 30, 2006.

25. On or about January 27, 2006, Basic Research further promised that should it thereafter cancel its reservation it still would pay to the Willard a sum of no less than $222,591.00.

26. As a direct and foreseeable result of Basic Research's promise to pay the Willard, the Willard held open 536 room-nights for Basic Research as requested.

27. On or about Friday, February 24, 2006, Basic Research cancelled its reservation. Despite repeated requests, however, Basic Research has failed and refused to pay the cancellation amount that it had promised to pay.

28. The Willard reasonably relied on Basic Research's clear and definite promise to pay, and Basic Research intended the Willard to rely on that clear and definite promise.

29. Basic Research therefore is indebted to the Willard in the amount of $132,591.00, representing the cancellation fee it promised to pay, less the $90,000.00 deposit that it already has paid.

WHEREFORE, the Willard prays that this Court enter Judgment against Basic Research and in favor of the Willard:

    (a)    in the principal amount of $132,591.00;

    (b)    for pre- and post- judgment interest as allowed by law;

    (c)    for the Willard's attorneys' fees, costs and disbursements incurred in this matter; and

    (d)    for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SEYFARTH SHAW LLP

_____
David A. Blake, Esq. (Bar No. 463940)
Z. Taylor Shultz, Esq. (Bar No. 485879)
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW; Suite 500
Washington, DC 20006-4004
202-463-2400 (telephone)
202-828-5393 (facsimile)

Date: June 26, 2006        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL, 1401 Pennsylvania Avenue, N.W. Washington, D.C. 20004<br><br>  Plaintiff,<br><br>v.<br><br>BASIC RESEARCH, LLC<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:06CV01171<br>)<br>)<br>)<br>)<br>) |

### ERRATA TO PLAINTIFF'S COMPLAINT

Plaintiff, Willard Associates, a limited partnership, d/b/a Willard Inter-Continental Hotel ("Plaintiff"), by undersigned counsel, hereby submits Exhibit A to Plaintiff's Complaint in the above captioned action, as referenced at Paragraph 6, Page 2 of the Complaint. Exhibit A is hereto attached. Plaintiff also submits a revised first page of the Complaint that sets forth Plaintiff's address in the caption.

Respectfully submitted,

SEYFARTH SHAW LLP

  s/Z. Taylor Shultz
David A. Blake, Esq. (Bar No. 463940)
Z. Taylor Shultz, Esq. (Bar No. 485879)
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW; Suite 500
Washington, DC 20006-4004
202-463-2400 (telephone)
202-828-5393 (facsimile)

Date: June 28, 2006        *Attorneys for Plaintiff*

DC1 30168895.1

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Errata To Plaintiff's Complaint was filed electronically and sent to Defendant for service by Private Process Server this 28th day of June, 2006.

                                              s/Z. Taylor Shultz
                                              Z. Taylor Shultz

DC1 30168895.1

# EXHIBIT A

Jan 30 06 10:50a   S   8015177003   p.3

## Group Reservation Agreement
## between
## Willard InterContinental Washington DC
## and
## Basic Research

represented by   Ms. Lynarne Switzer
Street           Basic Research
                 5712 West Harold Gatty Drive
City             Salt Lake City, UT 84116
Country          USA
Telephone        801-530-2523
Fax #            801-517-7003

The above parties agree to enter into a Group Reservation Agreement as per the following terms and conditions:

The Client agrees to contract the following number of rooms at the Willard InterContinental Washington for the following period:

Group name    Basic Research

| Date | | | | | |
|---|---|---|---|---|---|
| Monday 02/27/06 | 12 | 1 | 0 | 1 | 14 |
| Tuesday 02/28/06 | 12 | 1 | 0 | 1 | 14 |
| Wednesday 03/01/06 | 12 | 1 | 0 | 1 | 14 |
| Thursday 03/02/06 | 12 | 1 | 0 | 1 | 14 |
| Friday 03/03/06 | 12 | 1 | 0 | 1 | 14 |
| Saturday 03/04/06 | 12 | 1 | 0 | 1 | 14 |
| Sunday 03/05/06 | 12 | 1 | 1 | 1 | 15 |
| Monday 03/06/06 | 12 | 1 | 1 | 1 | 15 |
| Tuesday 03/07/06 | 15 | 1 | 1 | 1 | 18 |
| Wednesday 03/08/06 | 15 | 1 | 1 | 1 | 18 |
| Thursday 03/09/06 | 15 | 1 | 1 | 1 | 18 |
| Friday 03/10/06 | 15 | 1 | 1 | 1 | 18 |
| Saturday 03/11/06 | 15 | 1 | 1 | 1 | 18 |
| Sunday 03/12/06 | 15 | 1 | 1 | 1 | 18 |
| Monday 03/13/06 | 15 | 1 | 1 | 1 | 18 |
| Tuesday 03/14/06 | 15 | 1 | 1 | 1 | 18 |
| Wednesday 03/15/06 | 15 | 1 | 1 | 1 | 18 |
| Thursday 03/16/06 | 15 | 1 | 1 | 1 | 18 |
| Friday 03/17/06 | 15 | 1 | 1 | 1 | 18 |
| Saturday 03/18/06 | 15 | 1 | 1 | 1 | 18 |
| Sunday 03/19/06 | 15 | 1 | 0 | 1 | 17 |
| Monday 03/20/06 | 15 | 1 | 0 | 1 | 17 |
| Tuesday 03/21/06 | 15 | 1 | 0 | 1 | 17 |

Page 2 of 13
Basic Research /R

Case 1:06-cv-01171-PLF   Document 3-2   Filed 06/28/2006   Page 3 of 9

Jan 30 06 10:50a   S   8015172003   p.4

| | | | | | |
|---|---|---|---|---|---|
| Wednesday 03/22/06 | 15 | 1 | 0 | 1 | 17 |
| Thursday 03/23/06 | 15 | 1 | 0 | 1 | 17 |
| Friday 03/24/06 | 15 | 1 | 0 | 1 | 17 |
| Saturday 03/25/06 | 15 | 1 | 0 | 1 | 17 |
| Sunday 03/26/06 | 15 | 1 | 0 | 1 | 17 |
| Monday 03/27/06 | 15 | 1 | 0 | 1 | 17 |
| Tuesday 03/28/06 | 15 | 1 | 0 | 1 | 17 |
| Wednesday 03/29/06 | 15 | 1 | 0 | 1 | 17 |
| Thursday 03/30/06 | 15 | 1 | 0 | 1 | 17 |
| Total | 476 | 32 | 14 | 32 | 539 |

## ROOM RATES
The following room rates will apply:

| Room Type | Single Rate | Double Rate |
|---|---|---|
| Standard Room | $309.00 | $309.00 |
| Executive Suite | $799.00 | $799.00 |
| Oval Suite | $1,100.00 | $1,100.00 |
| Washington Suite | $2,500.00 | $2,500.00 |

Additional Person   $30.00 per person per night

Rates are non-commissionable and subject to applicable city and occupancy taxes currently 14.5%. Children 17 years old and younger will not be charged as additional persons.

*All suite rates are quoted with one bedroom. Other suite types may be reserved by your Group based upon availability.

## CUT OFF DATE
The guest room block will be held until February 13, 2006. Following the Cut Off date, all rooms still outstanding in the block i.e. which are not confirmed with a guest name, arrival and departure dates, will be released back into general inventory for the hotel to resell. Any rooms requested by Basic Research following the release of the block, will be subject to prevailing and rates and availability.

## DECISION DATE
The decision date is January 27, 2006. The room block and function space will be held until this date. If, by this time, we have not received the signed agreement, all rooms and function space will be released.

## PUBLISHED RATES

| | |
|---|---|
| Standard Guestroom | $610.00 |
| Willard Room | $790.00 |
| Junior Suite | $1,200.00 |
| Executive Suite | $1,800.00 |
| Executive Suite Penn View | $2,000.00 |

## RESERVATION PROCEDURES
We understand that your reservations will be made through:

Rooming List   Reservations will be finalized by rooming list, which is due on February 13, 2006. The rooming list should clearly show arrival and departure dates of each guest.

Page 3 of 11
Basic Research /R

method of guarantee, and any special requests or additional instructions such as non-smoking, special billing arrangements, double beds etc. Please fax your rooming list(s) directly to Sales at (202) 657-7307.

The release date for the block of rooms is 5:00pm (Eastern Time) February 13, 2006. Please ensure that you have submitted your requirements to the hotel prior to that date. Any reservations received after February 13, 2006 will be based upon availability of both space and rate.

Check-in time is 3:00 p.m. on the day of arrival. Check out is 12 noon on the day of departure. If early arrivals and late departures are necessary, please let us know in advance. We will make every effort to accommodate your requests.

PORTERAGE and ROOM DELIVERIES
If there is a group arrival or group departure, a unified bell service effort will be required. A charge of $10.50 per person round-trip will be charged to the group's Master Account based upon the number of guests requiring the service.

Currently, each delivery is being charged at $2.00 for deliveries outside the room and $3.00 for deliveries inside the guest room. Please note that delivery charges are subject to change and will be confirmed by your conference services contact prior to your program.

We suggest a maid gratuity of $1.00 per room per day. If you wish, this may be added to your master account.

BILLING PROCEDURES

Full Master Account          It is our understanding that all rooms, tax and incidental charges as well
                             as organization functions will be paid by Basic Research, pending
                             approval of credit.

Reservation Guarantee        The Willard InterContinental Washington DC requires a first night
                             deposit or guarantee on all reservations. When a reservation is
                             guaranteed by a check or money order, the guest has 10 days to provide
                             a guarantee. If the guarantee is not received 10 days prior to arrival, the
                             reservation will be canceled. Reservations can be guaranteed by check,
                             money order, major credit card or to your master account.

                             If guestrooms are to be guaranteed to your Master Account, we will
                             require that you state this in writing on your letterhead.

Cancellation                 Individual reservations must be canceled by 6:00pm the day prior to
                             arrival to avoid a no-show charge.

Billing                      Full payment is due upon checkout, or with approved credit, within 30
                             days of presentation of invoices.

CREDIT POLICY
All events require a deposit no later than 30 days prior to the scheduled event. All payments and deposits are accepted via credit card or company check. To make payment by credit card submit the enclosed credit card authorization form completed and signed, along with a copy of the front and back of the card.

If your organization wishes to apply for credit, the enclosed credit application must be completed and received by our credit office 30 days prior to the function. Please return application to:

Page 4 of 11
Basic Research /R

Jan 30 06 10:51a    S                          8015172003                 p.6

Sales Department
Attn: Katie Thompson
Willard InterContinental Hotel

In the event credit is approved, a master account will be established. All invoices are due and payable upon receipt. All disputed invoices must be communicated to the hotel's Accounting department within 10 days of receipt, otherwise the invoice is deemed as correct and payable in full. Should the hotel deem any portion of this account to be delinquent, 2006 Katie Thompson Inquiry Account agrees to be responsible for an interest penalty at the maximum rate allowed by law. 2006 Katie Thompson Inquiry Account will also be responsible for all attorney's fees and all other cost as incurred by the Hotel in the collections of monies owed under this agreement.

In the event that credit is not requested or not approved, payment of the group's total estimated master account(s) will be due to the hotel 30 days before the first scheduled event. Failure to remit the appropriate payment on a timely basis will result in cancellation of all arrangements outlined in this contract and the Group shall be liable for the amounts as described in the cancellation policy.

DEPOSIT

| | | |
|---|---|---|
| Initial Deposit | 1/30/2006 | $ 90,000.00 |

* Deposit item attached.

ATTRITION
The following is a schedule of loss in the event that your cumulative room pick up does not attain contracted numbers (this is a one line fee):

| $ 222,591.00 (85% or more of estimated room revenue) | None |
|---|---|
| $ 222,590.00 (84% or less of estimated room revenue) | All rooms that are not picked up will be charged 100% at the group rate. |

SIGNAGE
Signage is not permitted in the lobby or other public areas of the Willard. Signage to be used in the immediate area of meeting activities must be professionally executed, no larger than 24 inches wide and 36 inches high, and must be approved by the hotel Conference Services Manager.

HOTEL POLICIES REGARDING DISPLAYS AND DELIVERIES
Hotel is not responsible for the creation of signs
Packages/Crates/Deliveries and all the shipments to the Hotel for Event purposes need to be labeled as follows:
 Name of recipient
 Name of group in house
 Name of Conference Service Contact
 Date of the event

CANCELLATION POLICY:
ROOMS
In the event of the cancellation of your program after receipt of this signed agreement, the following sliding scale will be assessed as cancellation fee:

| Upon Signature – Arrival | $ 223,591.00 |
|---|---|
| | 85% of estimated room revenue |

Page 5 of 11
Borjé Research /R

Jan 30 06 10:51a    5    _    8015177003    p.7

The total liquidated damages are calculated by multiplying the contracted total room nights by the contracted rate(s).

### ADA COMPLIANCE
Willard InterContinental Washington DC agrees to use good faith and efforts to assure the Hotel complies with Title III of the Americans with Disabilities Act (ADA) and its regulations and guidelines.

### ACTS of GOD
Neither party shall be responsible for any failure of performance due to acts of God, labor disputes, shortage of materials, government authority, other circumstances beyond the reasonable control of either party.

The parties executing this contract hereby represent that they are authorized to bind their respective principals.

### GOVERNING LAW
This Contract shall be governed by and construed under the laws of the District of Columbia. If any provision of the Contract is unenforceable under applicable law, the remaining provisions shall continue in full force and effect.

### AGREEMENT ACCEPTANCE
Confirmed in this agreement are detailed commitments and arrangements to be provided. To enable us to provide maximum service any requirements beyond these commitments should be indicated by you upon return of the signed copy of this agreement. The conditions shall be considered confirmed upon hotel's receipt of signed copy of this agreement (changes must be ratified by counter initial of sales manager), which is to be received no later than January 27, 2006.

Should your meeting specifications be requested by another organization prior to your option date, the Willard Inter-Continental Washington will notify you and provide a forty-eight (48) hour decision period for your organization to confirm this agreement or release the dates requested.

At any time, should another organization request your space, you have the right of first refusal for two (2) business days to sign a contract, or the Hotel has the right to change the status of this booking to a second option.

If the conditions of this agreement meet with your approval, please indicate your acceptance by signing and returning a copy of this agreement by January 27, 2006. All arrangements will be considered on a tentative basis until this document is signed and returned. It is our understanding that the undersigned is empowered by said organization to accept this agreement.

The parties executing this contract hereby represent that they are authorized to bind their respective principals.

### FACSIMILE of CONTRACT
Both parties agree that a facsimile transmission (with confirmation) of this contract constitutes acceptable delivery and legally binds the parties to this agreement.

Ms. Lynehne Swenson
Basic Research
DATE 1/27/2006

Katie Thompson
Willard InterContinental Washington DC
DATE 1/30/06

Page 5 of 11
Basic Research /K

Jan 30 06 10:51a    S    ~.                    8015172903                P.8

## DEPOSIT INVOICE

**GROUP NAME:**  
Basic Research

**HOTEL:**  
Willard InterContinental Washington DC

**GROUP CONTACT:**  
Ms. Lynnette Swensen

**CONTACT:**  
Katie Thompson

**ADDRESS:**  
Basic Research  
5742 West Harold Gatty Drive  
Salt Lake City, UT 84116

**DATES:**  
February 2006

**ROOM REVENUE:**

| Room Type | # of Rooms | Average Rate | Total |
|-----------|------------|--------------|-------|
| Standard  | 534        | $490.40      | $261,872.00 |

**DEPOSIT SCHEDULE:**

| Description | Due Date | Amount |
|-------------|----------|--------|
| Initial Deposit | 1/30/2006 | 90,000.00 |

*Deposit does not include additional room nights and incidental charges due in full upon departure.

**METHOD of PAYMENT:**  
Deposit may be made by a company check, wire transfer or credit card as noted below.

- Please make checks payable to:     Willard InterContinental Washington DC
- Wire Transfer Instructions:        CITIBANK F.S.B.  
                                     1400 G Street, NW  
                                     Washington, D.C. 20004  
                                     ABA #254070116  
                                     A/C# 6675 5379  
                                     (Please add $25.00 handling fee for each transfer)
- Credit card forms will be provided upon request.

_[signatures]_  
Ms. Lynnette Swensen        Katie Thompson

Page 7 of 11  
Basic Research /Tl

**DIRECT BILLING APPLICATION**

The Willard InterContinental would like to offer the convenience of direct billing. Please complete the application, sign where indicated, and return to Katie Thompson at (202) 637-7307. Note, all information below is mandatory for establishing a direct bill account. You will be notified of your application status 30 days prior to arrival.

FIRM NAME: Basic Research  
BILLING ADDRESS: Basic Research  
5742 West Harold Gatty Drive  
CITY, STATE, ZIP: Salt Lake City, UT 84116  

DATE: May 30, 2006 January 27, 2006  
PHONE: 801-530-2923  
NATURE OF BUSINESS: In-House Meeting  
WEBSITE:  

IS FIRM INCORPORATED: _____ (YES) _____ (NO)  
IF NOT INCORPORATED, WHO WILL BE RESPONSIBLE FOR PAYMENT: _____  
YEARS IN BUSINESS: _____   HAVE YOU EVER FILED BANKRUPTCY: _____  

**REFERENCE**

BANK NAME: _____   PHONE/FAX: _____ / _____  
ADDRESS: _____  
ACCT #: _____  

HOTEL NAME: _____   PHONE: _____  
ADDRESS: _____   DATE OF LAST VISIT: _____  
WHAT WAS THE HOTEL USED FOR: _____  

HOTEL NAME: _____   PHONE: _____  
ADDRESS: _____   DATE OF LAST VISIT: _____  
WHAT WAS THE HOTEL USED FOR: _____  

HOTEL NAME: _____   PHONE: _____  
ADDRESS: _____   DATE OF LAST VISIT: _____  
WHAT WAS THE HOTEL USED FOR: _____  

The undersigned authorizes the Willard Inter-Continental to verify the above information. Payment is net 30 days. Should this account not be paid in a timely manner and if it becomes necessary to take legal action to collect this account, I/WE agree to pay any court cost incurred as well as reasonable attorney fees.

AUTHORIZED SIGNATURE: _____   DATE: _____  
NAME (PRINT): _____   TITLE: _____  
DIRECT BILLING REQUEST FOR: ROOMS: $261,872.00   CATERING: $0.00   OTHER: _____  
DATES TO BE COVERED BY DIRECT BILLING: _____   INITIAL: _____  

FOR HOTEL USE ONLY:  
Credit Manager Authorization: _____   Date: _____  
Comments: _____

Page 8 of 9  
Basic Research / R

Jan 30 06 10:50a    S    8015177003    p.2

**CREDIT CARD GUARANTEE OF PAYMENT FORM**

I, _Haley Blackett_, authorize use of my credit card to be used as

____ Full Payment    ____ Guarantee of Payment    _X_ Deposit

For the following individual or function:

Name: _Ms. Lynanne Swenson_

Company: _Basic Research_

Address: _5742 West Harold Gatty Drive_
         _Salt Lake City, UT 84116_

Tel / Fax #: _801-530-2923/801-517-7003_

On the dates of: ____

Hotel Sales, Catering, or Conference Services contact: _Katie Thompson_

Charges to be incurred are marked below:
____ Room & Tax only          _X_ Room, Tax & Incidentals
____ Banquet Charges          ____ Other, defined below

Credit Card Type & Number: AMEX _3794 658215 71005_   Exp. Date: _11/09_

Name as it appears on the Card: _Haley Blackett_

Billing Address: _5742 West Harold Gatty Drive_
                 _Salt Lake City UT 84116_

Card Holder's Signature: _Haley Blackett_

* Cards used as full payment or guarantee will be charged within 10 business days of arrival.
* Cards used as a deposit will be charged as specified on the contract.
* Please attach a legible photocopy of the credit card's FRONT and BACK -- this form will not be acceptable without the photocopy of the card.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL, 1401 Pennsylvania Avenue, N.W. Washington, D.C. 20004<br><br>Plaintiff,<br><br>v.<br><br>BASIC RESEARCH, LLC<br><br>Defendant. | Civil Action No. 1:06CV01171 |

## COMPLAINT

COMES NOW Plaintiff Willard Associates, a limited partnership, d/b/a Willard Inter-Continental Hotel, by and through its undersigned attorneys, and for its Complaint against Defendant, Basic Research, LLC states as follows:

### THE PARTIES

1. Plaintiff, Willard Associates, is a limited partnership d/b/a Willard Inter-Continental Hotel (hereafter, the "Willard") that operates a hotel located at 1401 Pennsylvania Avenue, N.W., Washington, D.C. 20004 (hereafter, the "Hotel"). The Willard's general partner is the Oliver Carr Company, a corporation organized and existing under the laws of the District of Columbia, with its principal place of business located in Washington, D.C.

2. Upon information and belief, defendant, Basic Research, LLC ("Basic Research") is a corporation organized and existing under the laws of the State of Utah