# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTER-CONTINENTAL HOTELS CORP., d/b/a WILLARD INTERCONTINENTAL WASHINGTON DC,<br><br>     Plaintiff,<br><br>v.<br><br>BASIC RESEARCH, LLC<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Case No. 1:06-cv-01171-PLF

Judge: Paul L. Friedman

**AMENDED COMPLAINT**

COMES NOW Plaintiff Inter-Continental Hotels Corp., d/b/a Willard

Intercontinental Washington DC, by and through its undersigned attorneys, and for its

Complaint against Defendant, Basic Research, LLC states as follows:

**THE PARTIES**

1.    Plaintiff, Inter-Continental Hotels Corp., d/b/a Willard InterContinental

Washington DC, (hereafter, the "Willard") operates a hotel located at 1401 Pennsylvania

Avenue, N.W., Washington, D.C. 20004 (hereafter, the "Hotel"). The Willard is a

corporation organized and existing under the laws of the State of Delaware, with its

principal place of business located in Atlanta, Georgia.

2.    Upon information and belief, defendant, Basic Research, LLC ("Basic

Research") is a corporation organized and existing under the laws of the State of Utah

with a principal place of business located in Salt Lake City, Utah. Basic Research

conducts significant business in the District of Columbia.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332 because this action is between citizens of different States and the amount in

controversy exceeds $75,000.  This Court has personal jurisdiction over Basic Research

because, among other things, Basic Research regularly conducts substantial business in

the District of Columbia, because this action involves a Group Reservation Agreement

that was solicited and negotiated in the District of Columbia and that called for

performance in the District of Columbia, and because this lawsuit arises from Basic

Research's transaction of business in the District of Columbia.

4.      This Court is the proper venue for this action.

## FACTS GIVING RISE TO THIS ACTION

5.      On or about December 19, 2005 an agent of Basic Research met with a

representative of the Willard at the Hotel to discuss securing a group reservation.  This

meeting took place in Washington, D.C.

6.      On or about January 27, 2006 Basic Research, by and through its agent,

Ms. Lyanne Swensen, executed a written and enforceable contract with the Willard

entitled "Group Reservation Agreement" (hereafter, the "Group Reservation

Agreement").  Among other things, Ms. Swensen expressly represented to the Willard

that she had the actual authority to bind Basic Research to the Group Reservation

Agreement.  Willard signed the Group Reservation Agreement on or about January 30,

2006.  A copy of the Group Reservation Agreement is attached hereto as Exhibit A, and

is incorporated by reference herein.

7.      Under the terms the Group Reservation Agreement, Basic Research agreed

to make payments to the Willard in exchange for the Willard's holding open certain

rooms and suites (including but not limited to numerous Standard rooms, an Executive

Suite, the Oval Suite, and the Washington Suite) at the Hotel between the dates of

February 27, 2006 and March 30, 2006.

8.    Specifically, per the Group Reservation Agreement, the Willard booked

Basic Research for 534 room-nights at an average rate of $490.40 per room.  The exact

number of rooms and room type per night is set forth in detail in the Group Reservation

Agreement at Page 2 of 11.  Basic Research agreed to make full payment to the Willard

in the amount of $261,872.00 for its reservation of the rooms.  Per the Group Reservation

Agreement, Basic Research made a deposit with the Willard in the amount of $90,000.00

9.    Basic Research further agreed that in the event it cancelled its reservation,

it would pay to the Willard a total amount of $222,591.00 as liquidated damages,

representing 85% of the estimated room revenue.

10.    Pursuant to the Group Reservation Agreement, Basic Research provided

the Willard with a Direct Billing Application identifying Basic Research as the firm to be

billed for any charges under the Group Reservation Agreement.  Basic Research further

provided the Willard with a Credit Card Guarantee of Payment Form signed by Haley

Blackett authorizing a direct charge of the $90,000 deposit amount to an American

Express credit card identifying the responsible party as Basic Research.

11.    On or about February 24, 2006, at approximately 6:07 PM, Basic Research

sent an electronic mail communication to the Willard asking the Willard to release the

rooms that it had booked under the Group Reservation Agreement.  On or about Monday,

February 27, 2006 at approximately 8:09 AM the Willard responded to Basic Research

by electronic mail informing Basic Research that in light of its decision to cancel its

reservation it must pay liquidated damages in the amount of $222,591.00, less its deposit amount.

12.    Despite numerous oral and written notices and demands for payment to Basic Research immediately thereafter, Basic Research never responded to the Willard until late May, 2006 when it refused to make payment to the Willard irrespective of obligations under the Group Reservation Agreement.

13.    The Willard fully and properly performed its obligations under the Group Reservation Agreement, but Basic Research materially breached the Group Reservation Agreement by refusing to pay the liquidated damages it owes to the Willard.

14.    Basic Research is indebted to the Willard in the amount of $132,591.00.

## COUNT I
## (BREACH OF CONTRACT)

15.    Each preceding paragraph of this Complaint is incorporated by reference as if fully set forth herein.

16.    Under the terms of the Group Reservation Agreement, Basic Research undertook responsibility and liability for payment of all amounts due under the Group Reservation Agreement.

17.    The Willard fully and properly performed its obligations under the Group Reservation Agreement.

18.    Despite the Willard's fulfillment of its own obligations under the Group Reservation Agreement, Basic Research has failed, refused, and refuses to pay the amounts it owes to the Willard in connection with Basic Research's cancellation of its reservation under the Group Reservation Agreement.

19.     Basic Research has materially breached the Group Reservation Agreement and remains in material breach of the Group Reservation Agreement.

20.     As a direct, proximate, and foreseeable result of Basic Research's breach of the Group Reservation Agreement, the Willard has suffered damages in the liquidated amount of $132,591.00.

WHEREFORE, the Willard prays that this Court enter Judgment against Basic Research and in favor of the Willard:

(a)     in the principal amount of $132,591.00, representing the contract balance owed by Basic Research;

(b)     for pre- and post- judgment interest per the Group Reservation Agreement and as allowed by law;

(c)     for the Willard's attorneys' fees, costs and disbursements incurred in this matter; and

(d)     for such other and further relief as the Court may deem just and proper.

## COUNT II
## (PROMISSORY ESTOPPEL)

21.     Each preceding paragraph of this Complaint is incorporated by reference as if fully set forth herein.

22.     On or about December 19, 2005, an agent of Basic Research contacted the Willard by walk-in appointment and asked a Willard representative about securing a group reservation.

23.     Thereafter the Basic Research communicated with the Willard through Basic Research's agent, Ms. Lynette Swensen.

24.    On or about January 27, 2006, Basic Research promised the Willard that it would pay to the Willard a deposit of $90,000.00 and a total amount of $261,872.00 in exchange for the Willard holding for Basic Research 536 room-nights at its Hotel (including but not limited to standard rooms, executive suites, the Oval Suite, and the Washington Suite) between the dates of February 27, 2006 and March 30, 2006.

25.    On or about January 27, 2006, Basic Research further promised that should it thereafter cancel its reservation it still would pay to the Willard a sum of no less than $222,591.00.

26.    As a direct and foreseeable result of Basic Research's promise to pay the Willard, the Willard held open 536 room-nights for Basic Research as requested.

27.    On or about Friday, February 24, 2006, Basic Research cancelled its reservation.  Despite repeated requests, however, Basic Research has failed and refused to pay the cancellation amount that it had promised to pay.

28.    The Willard reasonably relied on Basic Research's clear and definite promise to pay, and Basic Research intended the Willard to rely on that clear and definite promise.

29.    Basic Research therefore is indebted to the Willard in the amount of $132,591.00, representing the cancellation fee it promised to pay, less the $90,000.00 deposit that it already has paid.

WHEREFORE, the Willard prays that this Court enter Judgment against Basic Research and in favor of the Willard:

(a)    in the principal amount of $132,591.00;

(b)    for pre- and post- judgment interest as allowed by law;

(c)    for the Willard's attorneys' fees, costs and disbursements incurred in this

matter; and

(d)    for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SEYFARTH SHAW LLP

David A. Blake, Esq. (Bar No. 463940)
Z. Taylor Shultz, Esq. (Bar No. 485879)
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW; Suite 500
Washington, DC  20006-4004
202-463-2400 (telephone)
202-828-5393 (facsimile)

Date:  August 3, 2006                              *Attorneys for Plaintiff*

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Plaintiff's Amended Complaint was

filed via United Stated mail and sent by electronic and United States mail this 3rd day of

August 2006 to:

> Gary F. Bendinger, Esq.
> David A. Greenwood, Esq.
> Howrey LLP
> 170 South Main Street, Suite 400
> Salt Lake City, UT  84101

<br>
_____

Z. Taylor Shultz

8