UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL,  Plaintiff,  v.  BASIC RESEARCH, LLC,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Case No. 1:06-cv-01171-PLF  Judge: Paul L. Friedman |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR STAY UNDER THE *COLORADO RIVER* DOCTRINE**

COMES NOW Plaintiff[1] in the above captioned action (hereafter, the "Willard"), by its undersigned counsel, and submits this Opposition to Defendant's Motion to Dismiss or to Stay under the *Colorado River* Doctrine. First, Defendant's Basic Research's ("BR's") Motion to Dismiss is moot because the action pending in Utah state court has been removed to federal court. Second, even if the action had not been removed, BR's Motion to Dismiss or Stay based on the *Colorado River* doctrine could not succeed on the merits because BR has failed to demonstrate "extraordinary circumstances" or other requisite factors necessary to dismiss or stay this action in favor of a parallel state court action.

**Factual And Procedural Background**

This dispute arises from BR's last minute decision to cancel 534 room-nights (including the Willard's $2,500.00 per night Washington Suite) that BR reserved between February 27 and

---

[1] Plaintiff has filed a Motion for Leave to File First Amended Complaint that corrects the identity of Plaintiff in this action. The party to the subject transaction is the hotel management company, Inter-Continental Hotels Corp., d/b/a Willard InterContinental Washington DC, rather than the property owner, Willard Associates.

DC1 30170582.2

March 30, 2006 at the Willard's hotel in Washington, D.C. at a total price of $261,872.00. Pursuant to the parties' Group Reservation Agreement, BR agreed that in the event it cancelled its reservations, it would pay the Willard liquidated damages in the amount of $222,591.00, representing 85% of the expected room revenue. After canceling its reservations, however, BR refuses to pay the liquidated damages set forth in the Group Reservation Agreement.

Upon BR's cancellation of its reservations, the Willard made numerous attempts to contact BR to remind it of its obligation to pay the liquidated damages that it owed. BR failed and refused to respond to any of the Willard's inquiries. (*See* Compl., ¶ 12.) On May 9, 2006 the Willard's counsel sent a demand letter to BR noting that if the liquidated damages were not paid by May 17, 2006, the Willard would be left with no alternative but to take legal action. (*See* Exhibit A.) In late May, 2006, an attorney for BR, identifying himself as Mr. Jason Kerr, called to say that the Willard's demand letter had just then been forwarded to the BR legal department and that BR would need more time to respond. The Willard obliged BR's request.

Then, on May 30, 2006, Mr. Kerr and Messrs. Blake and Shultz of Seyfarth Shaw LLP conducted a teleconference to discuss the dispute between their clients. During this conversation, Mr. Kerr stated that the dispute would be much more easily settled if the Willard refrained from bringing suit as it indicated it would. Mr. Kerr asked for another copy of the Group Reservation Agreement, which Willard's counsel forwarded that evening. (*See* Exhibit B.) Mr. Kerr then indicated that BR expected to make a settlement offer and would get back to the Willard later that same week. Without any prior notice, however, BR proceeded to file suit against the Willard a few days later in Utah State court.[2] Now, BR is attempting to take

---

[2] The Willard disputes that BR properly served the Willard with its lawsuit in Utah, and reserves the right to challenge the propriety and effectiveness of any such service, among other things, in its responsive pleadings.

2

advantage of this underhanded tactic by asking this Court to refrain from addressing the Willard's claims on the basis that BR was the "first to file" and that the Willard's Complaint was filed in "bad faith." BR's Motion must be denied.

## Legal Argument

I. **The Willard Removed The Utah State Court Proceeding To Federal Court In Utah, Therefore, BR's Motion to Dismiss or Stay Under The *Colorado River* Doctrine Should Be Denied As Moot.**

The "*Colorado River* doctrine," based on the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), applies only to a scenario in which one case is pending in a state court action and another case involving the same issues and parties has been filed in federal court. *See Id.*; *see also Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515 (D.C. Cir. 1989) (reversing the district court's decision to stay the federal court action in deference to the first-filed state court action because, under the *Colorado River* doctrine, " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction.' ") (*quoting Colorado River*, 424 U.S. at 817). On Friday, July 28, 2006, the Willard removed the state court action to federal court in Utah on the basis of complete diversity. (*See* Exhibit C.) Therefore, BR's Motion to Dismiss or Stay on the basis of the *Colorado River* doctrine should be denied as moot.

II. **Separately And Independently, BR's Motion To Dismiss Or Stay Under The *Colorado River* Doctrine Cannot Survive On Its Merits Because BR Has Failed To Make The Requisite Showing To Justify This Court's Abstention.**

  A. **The Required "Exceptional Circumstances" Are Not Present Here.**

Generally, a federal court should not abstain from exercising its jurisdiction over a case simply because a parallel case is pending in a state court. *McClellan v. Carland*, 217 U.S. 269 (1910). Indeed, a federal court may abstain from deciding a case because of concurrent state

3

litigation only in the face of "exceptional circumstances." *Colorado River*, 424 U.S. 800, 813 (1976) (Brennan, J). As the Court explained in *Colorado River*:

> Abstention from exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. <u>Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances</u> where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)) (emphasis added). *Id.*

Since its decision in *Colorado River*, the Supreme Court has enumerated a non-exclusive, five factor test to guide the district court's inquiry as to whether exceptional circumstances exist that warrant abstention because of a parallel state court proceeding: (1) whether either court has jurisdiction over a res, (2) the relative convenience of the fora, (3) the avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent fora, and (5) whether the litigation involves a federal or state question. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 23-24 (1983). Based on these factors and others articulated by the D.C. Circuit Court of Appeals, exceptional circumstances do not exist and this litigation between the Willard and BR should proceed in this Court.

### B. Balancing The Applicable Factors Weighs Heavily In Favor Of The Willard's Choice Of Forum.

The factors applicable in this instance demonstrate that this Court is the proper forum for the Willard's claims. First, the events giving rise to this action all took place in D.C. BR sought out the Willard's services initially by a walk-in at the hotel property in D.C. (*See* Compl., ¶ 5.) The Group Reservation Agreement called for performance of the contract in D.C. Further, the

4

liquidated damages sought by the Willard arise from BR's acts or omissions in D.C.  (*See* Compl., ¶ 11.)

Second, federal court in D.C. is a much more convenient forum for the parties when compared to Utah.  Inter-Continental Hotels Corp., the management company for the Willard that is the party to the contract with BR, does not manage any hotels or other properties in the State of Utah.  (*See* Decl. of G. Cote, Exhibit D, ¶ 3.)  On the other hand, BR conducts "significant business" in D.C.  (*See* Exhibit E, electronic mail from J. Kerr).[3]

Third, the avoidance of piecemeal litigation is simply not a factor in this instance since the parties have not engaged in any discovery or other responsive pleadings in the Utah State Court action.  Now that the Utah state court action has been removed to the United States District Court for the District of Utah, it likely will be consolidated with this action.  Accordingly, the Willard expects to file a Motion to Consolidate when it files its first responsive pleading in the Utah federal court action.  Moreover, the claims that BR has asserted in the Utah state court action may be litigated in this forum.

Fourth, the "first to file" rule has no application here since BR obtained this advantage only through underhanded tactics.  Moreover, the United States Supreme Court has counseled that the "priority" element of the *Colorado River* doctrine "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  *Moses H. Cone.*, 460 U.S. 1, 21-22 (1983).  Here, there has been no progress in the Utah state court action, other than the filing of a bare complaint and the Willard's removal of that action to federal court.  Accordingly, this factor provides no basis for the dismissal or stay of

---

[3] Although this communication purports to be protected as a statement in settlement negotiations, it was not solicited and does not contain any actual offer to settle.  Rather, it attaches the Complaint that BR filed in Utah.

5

this action. *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346 (D.C. Cir. 2003) (holding that federal court litigation should proceed since, in part, "no substantial proceeding had occurred" in the Superior Court action.)

Finally, although there is no federal question at issue, the Group Reservation Agreement states that the law of the District of Columbia applies to the parties' dispute. (*See* Agreement, Exhibit F, p. 6.) Thus, Utah has no meaningful connection to the dispute between the parties, and this Court has more experience than any other available jurisdiction with respect to interpreting D.C. law.

### C. The Decisions Cited By BR Only Support A Finding In Favor Of The Willard.

BR's Motion cites three decisions: *Colorado River*, 424 U.S. 800 (1976), *Moses H. Cone*, 460 U.S. 1 (1983), and *Handy v. Shaw*, 325 F.3d 346 (D.C. Cir. 2003). Each of these decisions support a finding in favor of the Willard. In *Colorado River*, as noted above, the Supreme Court refused to sanction abstention except in "extraordinary circumstances" that are not present here. *Colorado River*, 424 U.S. at 813. In *Moses H. Cone* and *Handy*, the Supreme Court and the D.C. Circuit Court of Appeals, respectively, actually held that the federal court involved should have refused to stay the federal court action. The court's analysis in *Handy* is instructive. There, the district court had dismissed, without prejudice, the plaintiff's federal court action because a parallel action had been filed first in state court. Moreover, the court reasoned, allowing parallel proceedings to proceed in two forums would thwart the purposes behind Federal Rule of Civil Procedure 13. *Handy*, 325 F.3d at 348-349. The D.C. Circuit reversed, noting that the district court had failed to weigh the efficiency goal against its "primary obligation" to exercise its jurisdiction. *Id.* at 353. As the court observed:

> Because the Supreme Court has consistently reinforced the
> "virtually unflagging obligation of the federal courts to exercise

6

>the jurisdiction given them," [citation omitted], it has sanctioned the " 'abdication of the obligation to decide cases… only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" *Id.* at 351 (citations omitted) (emphasis added).

Accordingly, in this instance as well, the Court should not refuse the Willard an opportunity to pursue its claims in its properly chosen forum.

### III. To The Extent That This Court Decides To Evaluate The Prospects Of Consolidation, The Court Should Decide In Favor Of Consolidating The Actions In This Proceeding.

For the same reasons identified above, the United States District Court of D.C. is the proper forum for the litigation of any and all disputes between BR and the Willard arising from the Group Reservation Agreement. Thus, even though not requested by BR, if this Court determines to evaluate the prospects of consolidation of the two federal court actions, then this Court should determine to adjudicate in this forum both the Willard's and BR's causes of action against one another.

### Conclusion

For the foregoing reasons, the Willard respectfully requests that this Court deny BR's Motion to Dismiss or to Stay under the Colorado River Doctrine, and proceed to hear the merits of the Willard's disputes against BR.

Respectfully submitted,

SEYFARTH SHAW LLP

   s/Z. Taylor Shultz
David A. Blake, Esq. (Bar No. 463940)
Z. Taylor Shultz, Esq. (Bar No. 485879)
SEYFARTH SHAW LLP
815 Connecticut Avenue, NW; Suite 500
Washington, DC  20006-4004
202-463-2400 (telephone)
202-828-5393 (facsimile)
*Attorneys for Plaintiff*

Date:  August 3rd, 2006

7

DC1 30170582.2

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Opposition To Defendant's Motion To Dismiss Or Stay Under The Colorado River Doctrine was filed electronically and sent by electronic this 3rd of August 2006 to:

>Gary F. Bendinger, Esq.
>David A. Greenwood, Esq.
>Howrey LLP
>170 South Main Street, Suite 400
>Salt Lake City, UT  84101

                        s/Z. Taylor Shultz
                        Z. Taylor Shultz

DC1 30170582.2