**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL<br><br>Plaintiff,<br><br>vs.<br><br>BASIC RESEARCH, LLC<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE PURSUANT TO RULE 12(b)(6)**<br><br>Case No. 1:06-cv-01171-PLF<br>Judge: Paul L. Friedman |

### REPLY MEMORANDUM

Defendant Basic Research, LLC ("Basic Research"), by and through counsel, submits this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Under Rule 12(b)(6).

### INTRODUCTION

Defendant's Motion to dismiss the contract claim should be granted because (1) Plaintiff does not show that a valid, enforceable contract exists between the parties; (2) the Group Reservation Agreement allows Defendant to cancel its reservation(s) at its discretion; and (3) the parties did not have a meeting of the minds on material terms of the Group Reservation Agreement. The Plaintiff's alternative claim for promissory estoppel should also be dismissed because Plaintiff's action relies upon a written instrument, not any oral representations. Therefore, promissory estoppel is unavailable as a matter of law.

### ARGUMENT

**I.   Plaintiff Fails to Meet Its Burden that a Valid Contract Exists.**

Defendant's Rule 12(b)(6) motion to dismiss should be granted because Plaintiff has failed to meet its burden of proving the existence of a binding contract. ("The *party* asserting the existence of an enforceable contract *bears the burden* of proof on the issue of contract

formation.")  *Novecon Ltd. v. Bulgarian-American Enter. Fund*, 190 F.3d 556, 564 (D.C. Cir. 1999) (emphasis added). Courts have consistently held that plaintiffs must prove both the completeness of the terms of its contract and the shared intent of the parties to be bound by them. *Calvetti v. Antcliff*, 346 F.Supp.2d 92, 102 (D.C. Cir. 2004) ("For an enforceable contract to exist, there must be both (1) agreement as to all material terms; and (2) intention of the parties to be bound by those terms."); *New Econ. Capital, LLC v. New Mkts. Capital Group*, 881 A.2d 1087, 1094 (D.C. App. 2005).

Plaintiff fails to meet its burden to show the completeness of the terms or the shared intent of the parties that the Group Reservation Agreement should be binding on the parties. Instead of attempting to meet its burden, the Plaintiff attempts to establish that the motion to dismiss is globally a factual matter that should be decided by a jury. (Mem. in Opp. at 10.)  If the Court were to accept Plaintiff's argument, a court would never grant a motion to dismiss a contract claim.  That is not the law. *See King & King, Chartered v. Harbert Intl., Inc.*, Civ. Action No. 06-324 (JDB), 2006 WL 1731141 (D.D.C. June 26, 2006) (attached hereto as Exhibit A); *see*, *e.g.*, *In re: U.S. Office Prods. Co. Sec. Litig*, 251 F.Supp.2d 77 (D.D.C. 2003) (same).

**II.  No Contract was Entered Into; the Group Reservation Agreement is Illusory and Non-Binding.**

Here, no contract was ever signed.  To the contrary, as the Group Reservation Agreement states, it was anticipated that a contract would be signed:

> At any time, should another organization request your space, you have the right of first refusal for two (2) business days ***to sign a contract***, or the Hotel has the right to change the status of the this booking to a ***second option***."

(Ex. A attached to Mem. Supp. Mot. to Dismiss, Group Reservation Agreement at p. 6, emphasis added). As such, the Group Reservation Agreement was simply a non-binding option.

More importantly, Plaintiff attempts to ignore the very rights it had in the agreement it contends govern the relationship of the parties. Plaintiff could cancel the reservations if someone came along and Defendant did not execute an agreement pursuant to its right of first refusal. Further, under the Group Reservation Agreement, reservations made after February 23 were subject to availability – meaning that the hotel guaranteed nothing and the guest could only stay if the hotel had rooms, the same that would occur with anyone that walked in off of the street and would try to get a room. Plaintiff's hotel would only sell a room to Defendant or its guests if the hotel did not have enough other demand for its rooms. (Note the hotel was even unwilling to lock in the rate if a room were available.)

Defendant should not be bound by the terms of an agreement for which Plaintiff had the express, unilateral authority to cancel. When one party can avoid its obligations under an agreement at its whim, such obligations are illusory and, as to the party against whom enforcement is sought, unenforceable. Courts in the District of Columbia have long held that contract actions cannot be maintained based upon these unenforceable agreements and judgment should be granted as a matter of law. For these reasons, and for the reasons set forth in Defendant's Memorandum in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6), Defendant's Motion to Dismiss should be granted.

### III. The Group Reservation Agreement Contains Material Contradictory Provisions that Make it Unenforceable as a Matter of Law.

The Group Reservation Agreement – even if the Court were to assume it was a binding agreement between the parties – is clearly contradictory on its cancellation provisions. Defendant understood that it could cancel the reservation within twenty-four hours of arrival and incur no additional fees based on the following language:

3

> **Individual reservations must be canceled by 6:00pm** [sic] **the day prior to arrival to avoid a no-show charge.**

(Ex. A attached to Mem. Supp. Mot. to Dismiss, Group Reservation Agreement at p. 4, emphasis added). Defendants did so and cancelled under the terms of this clause.

Despite Defendant's canceling the reservation according to the terms of the Group Reservation Agreement, Plaintiff contends that a conflicting cancellation provision prevents any cancellation after execution of the Group Reservation Agreement. Thus, by this lawsuit, Plaintiff intends to impose onerous cancellation charges on Defendant even though Defendant believed it was within its contractual right to cancel the reservation when it did so three days in advance of the first arrival. The cancellation provisions are material terms to the contracts. Because these terms contradict each other, or at best are too indefinite, the Group Reservation Agreement is unenforceable as a matter of law. A plaintiff cannot maintain an action based on an unenforceable agreement. Therefore, Defendant's 12(b)(6) Motion to Dismiss should be granted and Plaintiff's claims based on breach of contract should be dismissed in their entirety.

**IV.     Plaintiff Cannot Make a Claim for Promissory Estoppel Because Its Reliance on the Written Agreement Negates an Essential Element of Promissory Estoppel.**

Plaintiff's promissory estoppel argument is flawed because it could not reasonably rely upon any action of Defendant that diverged so greatly from the plain language of the agreement which it drafted. *See In re: U.S. Office Prods. Co. Sec. Litig.*, 251 F.Supp.2d 77, 97-98 (D.D.C. 2003); *cf. Bender v. Design Store Corp.*, 404 A.2d 194, 196 (D.C. App. 1979) (rejecting appellant's estoppel claim because appellee's written statements "made it clear that absent execution of a formal lease agreement, they intended no binding commitment to lease").

It is apparent that Plaintiff relied on the enforceability of the group agreement document it drafted, not any reliance created by Defendant. Therefore, to the extent it was unable to rent its hotel rooms and incurred lost revenues that were caused exclusively by Plaintiff's reliance on

4

the written group agreement. In similar instances, federal courts in the District of Columbia have barred claims when the reliance upon which caused the plaintiff to act was based on a written contract and not reliance on the defendant. *See, e.g., In re: U.S. Office Prods. Co. Sec. Litig.*, 251 F.Supp.2d at 97-98. Accordingly, as the agreement induced Plaintiff to act – not the actions of Defendant – the promissory estoppel claim should be dismissed.

## CONCLUSION

Plaintiff fails to meet its burden to show that a valid contract exists between the parties because (1) no contract exists; (2) Plaintiff's obligations under the group agreement are illusory; and (3) the parties never had a meeting of the minds on material terms of the group agreement. For the foregoing reasons, Basic Research respectfully requests that Plaintiff's Complaint be dismissed and, because these defects cannot be cured, Defendant respectfully requests that it be dismissed with prejudice.

DATED this 9th day of August, 2006.

By: _____/s/_____
Joseph Walker (DC Bar No. 452911)
Richard W. Beckler (DC Bar No. 262246)
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800 (Telephone)
(202) 383-6610 (Fax)

Gary F. Bendinger (UT Bar No. 00281)
Christopher B. Sullivan (IL Bar No. 6230362)
Howrey LLP
170 South Main Street, Suite 400
Salt Lake City, Utah 84101
(801) 533-8383 (Telephone)
(801) 531-1486 (Fax)

Attorneys for Basic Research, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

David A. Blake
Z. Taylor Shultz  tshultz@seyfarth.com

                                      _____/s/_____
                                      Lois Freedman