UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLARD ASSOCIATES, a limited partnership, d/b/a WILLARD INTER-CONTINENTAL HOTEL<br><br>Plaintiff,<br><br>vs.<br><br>BASIC RESEARCH, LLC<br><br>Defendant. | REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PURSUANT TO THE "*COLORADO RIVER DOCTRINE*"<br><br>Case No. 1:06-cv-01171-PLF<br>Judge: Paul L. Friedman |

## REPLY MEMORANDUM

Defendant Basic Research, LLC ("Basic Research"), by and through counsel, hereby offers this Reply Memorandum in Support of its Motion to Dismiss or, in the Alternative, to Stay Proceedings Pursuant to the "*Colorado River* Doctrine" (the "*Colorado River* Motion").

### INTRODUCTION

Basic Research filed a Utah state court action (the "Utah Action") against the Willard Associates (the "Willard") on June 1, 2006. (*See* Memorandum in Support of *Colorado River* Motion at 1.) More than three weeks later, on June 26, 2006, the Willard filed the present action, which is identical to the Utah Action in terms of the issues presented. (*Id.*) More than a month after that, on July 28, 2006, the Willard removed the Utah Action to the United States District Court for the District of Utah. (*See* Willard Opp. at 3.) Other than its Notice of Removal, and despite the passage of more than two months time, the Willard has yet to file any pleadings or motions in the Utah Action.[1]

---

[1] The Willard has filed with this Court an Amended Complaint that corrects the name of the Plaintiff, without affecting the substance of the issues presented. (*See* Willard Opp. at 1 n.1.)

# ARGUMENT

The Willard argues, without citing any legal precedent on point, that its removal of the Utah Action to federal court renders Basic Research's *Colorado River* Motion moot. (*See* Willard Opp. at 3.) Nevertheless, the Willard suggests it will move this Court to consolidate the two federal actions. (*See id.* at 5.)

The Willard's removal of the Utah Action alters the landscape against which Basic Research's *Colorado River* Motion is set. Indeed, it renders Basic Research's *Colorado River* Motion even more compelling. Rather than being faced with the pendency of one state proceeding and one federal proceeding, this Court now faces two federal proceedings. As the Supreme Court noted in *Colorado River*:

> ***Generally***, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....***As between federal district courts, however,... the general principle is to avoid duplicative litigation.***

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (emphasis added, internal citations and quotations omitted). And as the United States Court of Appeals for the District of Columbia has noted in discussing traditional notions of comity:

> For more than three decades the rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, ***the one which is commenced first is to be allowed to proceed to its conclusion first***. Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously.

*Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (emphasis added, internal citations and quotations omitted).

Of course, the D.C. Circuit has stated that district courts "must balance equitable considerations rather than using a mechanical rule of thumb" when applying the "first-to-file"

rule. *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003) (internal quotations omitted). The Willard has not presented a single argument suggesting why such equitable considerations should weigh in its favor. Instead, the Willard makes several arguments pertinent to *Colorado River's* holding with respect to cases involving concurrent state and federal proceedings, which it concedes are not relevant to the "first-to-file" rule for concurrent federal proceedings. (*See* Willard Opp. at 3.) However, even if these arguments are construed as arguments regarding the equities surrounding two concurrent federal proceedings, they are without merit.

*First*, the Willard's argument that the "contract" at issue is D.C.-centric (Willard Opp. at 5) belies the facts surrounding the supposed "contract."[2] The Willard ignores the numerous communications made by and to Basic Research in Utah regarding the "contract." By way of example, the supposed "contract" appended to the Willard's Opposition as Exhibit F bears a fax line with the number 8015177003. The 801 area code is found in Utah. In addition, the Willard's arguments relating to where it conducts business (Willard Opp. at 5) are also incomplete. While the Willard is located in Washington, D.C., the Inter-Continental hotel chain is international in scope, with hotels in Argentina, Zambia, and everywhere in between. *See* < <http://ww.intercontinental.com>>. Moreover, through its regular solicitation of business in Utah, the Willard is subject to the jurisdiction of the Utah Federal Court. (*See* Utah Complaint ¶ 6, attached to Memorandum in Support of the *Colorado River* Motion as Exhibit 1.) The Willard is attempting to thinly veil its efforts to shop for the most convenient forum *for the Willard* to the detriment of Basic Research. At best, the equities are a toss-up.

---

[2]     Basic Research has briefed in its Motion to Dismiss pursuant to Rule 12(b)(6) why the supposed contract at the center of the Willard's Complaint is not a contract at all. (*See* Memorandum in Support of Motion to Dismiss with Prejudice, Docket No. 5, at 3-5; *see also* Reply Memorandum in Support of Motion to Dismiss with Preujudice, filed concurrently herewith.)

3

***Second***, the Willard's contention that "the 'first to file' rule has no application" to this case (Willard Opp. at 5) is plainly incorrect. We are clearly now dealing with a situation involving two concurrent federal proceedings. Although the Willard has not disputed that the Utah Action was filed first, Basic Research notes that the removal of that action to Federal court does not alter the priority that should be given to that action under the "first-to-file" rule. *See Mfrs. Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y. 1992) (noting that where a state court proceeding is filed first, followed by the filing of a federal proceeding, followed by removal of the state court proceeding to federal court, there is "ample authority for the proposition that the state court filing date is the relevant benchmark" for the first-to-file rule).

***Third***, the possibility that piecemeal litigation can be avoided through a non-existent Motion to Consolidate that the Willard "expects" to file (Willard Opp. at 5) highlights the very waste of judicial resources that Basic Research hopes to avoid. Rather than crowd this Court's and the Utah Federal Court's dockets with more motions, oppositions, and replies, this Court can prevent the waste of judicial resources now by exercising its discretion to dismiss or stay the present action. The principles of comity and efficiency encapsulated by the "first-to-file" rule dictate that this Court stand down and allow the Utah Federal Court to go forward.

## CONCLUSION

While the issues before this Court have presented somewhat of a moving target, particularly in light of the Willard's removal of the Utah Action to federal court, they are now properly before this Court and ripe for adjudication. Specifically, the Willard's removal of the Utah Action makes it clear that principles of comity and efficiency support the Court's dismissal or stay of the current action pending the outcome of the action in the United States District Court for the District of Utah. Otherwise, significant judicial resources will be wasted. For the

foregoing reasons, Basic Research respectfully requests that the Willard's Complaint be dismissed, or, in the alternative, stayed.

DATED this 9th day of August, 2006.

By: _____/s/_____
Joseph Walker (DC Bar No. 452911)
Richard W. Beckler (DC Bar No. 262246)
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 783-0800 (Telephone)
(202) 383-6610 (Fax)

Gary F. Bendinger (UT Bar No. 00281)
Christopher B. Sullivan (IL Bar No. 6230362)
Howrey LLP
170 South Main Street, Suite 400
Salt Lake City, Utah 84101
(801) 533-8383 (Telephone)
(801) 531-1486 (Fax)

Attorneys for
Basic Research, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing via electronic mail to the following:

Zachary Taylor Shultz  tshultz@seyfarth.com
Seyfarth Shaw LLP
Suite 500
815 Connecticut Avenue, N.W.
Washington, DC 20006

                                             /s/
                                       Lois Freedman